**DAVIS v. PENNSYLVANIA R. R.**
Civ. A. No. 24964.

District Court, N. D. Ohio, E. D.
Oct. 27, 1947.

Davis & Davis, of Cleveland, Ohio, for plaintiff.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for defendant.

JONES, District Judge.

This is a personal injury case originally brought in the Court of Common Pleas for Cuyahoga County. Defendant's petition for removal was granted and the case was filed in this court on May 21, 1947. Answer was filed on May 24, 1947.

On July 17, 1947, counsel for plaintiff filed a motion for trial by jury.

With respect to jury trials, Rule 38(b), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, provides as follows: "Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

Paragraph (d) of Rule 38 relates to waiver of trial by jury and reads as follows: "Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Rule 81(c) defines the applicability of the Rules of Civil Procedure to removed actions and reads, in part, as follows: "(c) Removed Actions. These rules apply to civil actions removed to the district courts of the United States from the state courts and govern all procedure after removal. * * *"

Plaintiff's counsel gives as his reason for failing to make demand for a jury trial within the required ten days after the answer was filed, the fact that he never received a copy of said answer or notice of its being filed. Counsel states that on July 15, 1947, he appeared in the Clerk's office to file his demand for jury trial and discovered from the docket that the answer had been filed on May 24th.

Defendant opposes plaintiff's motion pointing out that plaintiff knew, or should have known, that had defendant failed to file its answer within five days after the date the case was filed in this court, it would have been in default under Rule 81(c).

The answer contains a statement to the effect that a copy addressed to plaintiff's counsel was deposited in the U. S. mail on May 24, 1947.

Defendant's counsel also submits an affidavit by its docket clerk that on May 24, 1947, pursuant to instructions, she "did deposit in the outgoing mail box of Squire, Sanders & Dempsey the copy of said answer in an envelope addressed to Davis & Davis, etc."

There is an apparent inconsistency between the certificate on the answer, signed by counsel, that a copy was placed in the U. S. Mail and the docket clerk's sworn statement that she placed it in the outgoing mail box of the office.

Rule 5(b) provides that: "Service by mail is complete upon mailing."

Does the placing of a pleading in an outgoing mail box in a law office constitute "mailing" within the meaning of Rule 5(b)?

The Cyclopedia of Federal Procedure (V. 4, p. 292) points out that Rule 5(b) does not go into "as much detail as state codes or rules sometimes do by way of describing what constitutes 'mailing'." In a footnote, the rules with respect to "mailing" in Illinois, Washington and New York are cited. In these states, service by mail is made by depositing the envelope, properly addressed, in a United States post office or post office box.

In the instant case there is no evidence that the answer ever was deposited in a United States post office or post office box.

In view of the possibility that counsel for plaintiff did not receive a copy of the answer and in spite of the fact that counsel should have investigated if he did not receive a copy of the answer within the required period (there having been no stipulation entered into extending the time to answer), it appears that the court has ample ground to exercise its discretion and grant plaintiff's motion.

Rule 6(b) provides, in part, as follows: "(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect * * *."

Further authority for ordering a jury trial, despite plaintiff's waiver, is found in Rule 39(b): "(b) * * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

The plaintiff may be greatly wronged should she be deprived of a jury trial because of the neglect of her counsel, if such it was. There is a gradual improvement in response to the Civil Rules, except in occasional removal cases.

Motion granted.