347 P.2d 1005

Juan GARCIA, Plaintiff-Appellant,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Defendant-Appellee.

No. 6529.

Supreme Court of New Mexico.

Nov. 13, 1959.

Rehearing Denied Jan. 11, 1960.

Avelino V. Gutierrez, R. J. Matteucci, A. F. Sceresse, Albuquerque, for appellant.

B. G. Johnson, R. G. Cooper, J. T. Paulantis, Albuquerque, for appellee.

McGHEE, Justice.

This action was brought under the provisions of the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51, as amended, for damages for injuries allegedly caused by the negligence of appellee's servants.

At the conclusion of appellant's case-in-chief, the appellee moved for a directed verdict on the ground that the activities of appellant at the time of the injury were for a private purpose and were unconnected with his employment. The motion was granted by the trial court and it is from this ruling that the plaintiff appeals.

The appellant cites many cases as authority for the proposition that his employment was in furtherance of interstate commerce and the appellee concedes that the employment was such as to entitle appellant to the benefits of the Employers' Liability Act, supra, if he were acting within its scope.

Appellant is not covered by the act and his action must fail if his acts at the time of the injury were not necessarily incident to or an integral part of his employment but rather were undertaken for a private purpose having no causal relationship with his employment.

The crucial issue upon which this appeal turns then is whether or not the appellant was acting within the scope of his employment at the time he was injured.

The appellant was employed by the appellee as an extra gang laborer with a work crew engaged in maintaining appellee's tracks near Kiowa, Kansas. The men lived at the company work camp which was comprised of some 28 railroad cars spotted on a siding immediately adjacent to the other tracks used by appellee's trains. The camp consisted of bunk cars in which the appellant and the other laborers slept, tool cars, and a mess hall and water car.

Appellant and the other laborers worked a five-day week with Saturday and Sunday off. They were, however, subject to call at any time in case of an emergency. The company furnished three meals a day during workdays and the morning and noon meals on Saturday and Sunday.

The town of Kiowa was located just east of the camp. There was a path or un-

improved road west of and parallel to the tracks which led to the main crossing and then ran into Main Street in Kiowa. Rather than follow this road along the tracks and cross them at the prescribed crossing, it apparently was customary for employees going to Kiowa to cross the tracks directly on leaving the camp.

On the Saturday morning of the accident a train stopped on the tracks between the camp and Kiowa and was parked there. The accident giving rise to this cause of action occurred on that afternoon at about 2:00 p. m.

The appellant had left his bunk car with a companion intending to go to the mess car and eat lunch which was then being served. Before reaching the mess car, however, he changed his mind and decided to go into town to eat both his lunch and supper and to purchase some writing paper.

In order to cross the track in the customary place rather than at the main crossing it was necessary to go between the cars of the train which had stopped there that morning. As the appellant put his foot on the coupling connecting the two cars between which he was attempting to cross, the train moved closing the coupling on his foot and causing the injury here complained of.

Appellant relies heavily on Rivera v. Atchison, Topeka and Santa Fe Railway Co., 1956, 61 N.M. 314, 299 P.2d 1090. There the appellant also was employed as an extra gang laborer repairing and maintaining tracks for the railroad. The company provided a camp with bunk cars and served meals. Up to this point the facts are identical with the case at bar. The important difference, however, concerns the circumstances of the injury.

Rivera was assaulted by hoboes as he returned from the outside camp toilet. His injury was sustained while he was using the facilities provided by the company and its liability was based on a failure to provide a safe place to work. In our case the appellant was not using the camp facilities when injured. On the contrary, he had decided not to use them and was leaving the premises for private purposes.

A case very similar to the case at bar is Atchison, T. & S. F. R. Co. v. Wottle, 1952, 193 F.2d 628, 630, decided by the United States Court of Appeals, Tenth Circuit, on appeal from the Federal District Court in the New Mexico District.

The plaintiff was the administrator of the estate of Edward Begay, deceased, and this action also was brought under the provisions of the Federal Employers' Liability Act. The decedent had been employed by the company as a section hand at a place called South Garcia, New Mexico. The company maintained a bunk house for the section men but required them to provide their own food and bedding.

The accident occurred on decedent's first day at work at this location. He spent the night before in the bunk house and reported to work the day of the accident. At the end of the day he was free to do what he pleased.

About an hour after quitting time the decedent and his bunk mate left in an automobile to get some groceries and to pick up some bedding. The usual route was to cross the railroad tracks at South Garcia. As they started across the track their automobile was struck by a diesel engine and both were killed.

The court said the following, in reversing the decision of the lower court:

"The case said to be most like ours, and upon which appellee relies, is Mostyn v. Delaware, L. & W. R. Co., 2 Cir., 160 F.2d 15, 17, where a casual laborer on the railroad was provided bed and board in bunk cars located on the tracks in connection with his employment. After the day's work, he went to town, but returned to sleep in the bunk cars. Driven out of the bunk cars because of the verminous condition of the bedding furnished by the Company, he was injured while sleeping by the side of the tracks. Deciding its case squarely on the facts presented, the court reasoned that 'when a railroad provides shelter or food or both for its employees, and they are using the accommodations so provided to prepare themselves for their work, or to rest and recuperate, they must be regarded as in its "employ"'; and that inasmuch as he would have been covered while sleeping in a bunk house, he was likewise covered at the point where he had been driven in search of that which was provided. Applying that reasoning to our facts, it is argued that since, at the time of the accident the employee was in quest of groceries to bring back to the bunk house, to be used to sustain him for his interstate employment, his activity was necessarily incident to and a part of such employment.

"By this process of reasoning, the Act can be extended to cover all activities of an employee intended to sustain or prepare him for his interstate employment, regardless of time or place, or whether in pursuit of a benefit furnished by the employer or not. If we accept that conclusion, there is no limitation upon the coverage so long as there is a possibility that the employee will return to his work-a-day duties on the morrow. Obviously, the legislation was not intended to go so far. The Company furnished the deceased a bunk for his bedding and a place to cook his food, but it furnished neither the bedding nor the food, and it was his sole responsibility to obtain it.

When therefore, after his day's work, he set out in his own car to obtain groceries for himself, he was on a mission wholly unconnected and unrelated to his employment, and his injury while thus engaged cannot be said to be in commerce within the meaning of the Act. Cf. Quirk v. New York, C. & St. L. R. Co., supra (7 Cir., 189 F.2d 97)."

We think the situations of the decedent in the Wottle case and the appellant here are parallel. Both were on missions wholly unconnected and unrelated to their employment. Consequently, neither was within the provisions of the Federal Employers' Liability Act. The fact that appellant would have had to leave the camp to obtain the evening meal even if he had stayed for the noon meal does not alter appellant's position. This merely makes the Wottle case more analogous to his circumstances. Nor can it be said that merely because, due to an emergency, appellant might be called at a time outside of working hours that he was not free to go as he pleased after working hours.

Thus even considering the evidence in the aspect most favorable to the appellant and disregarding all unfavorable evidence and inferences, as we must when the trial court directs a verdict, Morris v. Cartwright, 1953, 57 N.M. 328, 258 P.2d 719, we find that the court's action was proper and no error was committed.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and COMPTON, CARMODY, and MOISE, JJ., concur.