394 P.2d 735

Laura A. LAMBERT and E. A. Lambert, Plaintiffs-Appellants,

Western Farm Bureau Mutual Insurance Company, Plaintiff-in-Intervention, Appellants,

v.

W. L. DONELLY, Defendant and Third-Party Plaintiff-Appellee,

BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, New Mexico, Third-Party Defendant-Appellee.

No. 7419.

Supreme Court of New Mexico.

July 27, 1964.

Rehearing Denied Aug. 26, 1964.

Eugene E. Klecan, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellee Donelly.

Shaffer & Butt, Albuquerque, for appellee Board of County Commissioners.

COMPTON, Chief Justice.

The issue on appeal is whether error was committed by the trial court in allowing five peremptory challenges each to the original defendant and to the third-party defendant.

On July 31, 1961, an action was filed by the plaintiffs, Laura A. Lambert and E. A. Lambert, her husband, against the defendant, W. L. Donelly, as the result of an automobile collision at the intersection of Bridge Street and Atrisco Road in Albuquerque, an intersection controlled by traffic

454

signal lights. The complaint alleged, among other things, that the plaintiffs' vehicle was driven into the intersection on a green light and that the defendant's conduct was negligent, reckless and wanton in colliding therewith. The defendant generally denied the allegations, and specifically denied that the plaintiffs' car was driven into the intersection on a green light. The Western Farm Bureau Mutual Insurance Company filed a complaint in intervention as the subrogated insurance carrier on the plaintiffs' automobile.

Thereafter, on October 25, 1962, leave being granted, the defendant filed a third-party complaint against the Board of County Commissioners of Bernalillo County charging it with the negligent operation and maintenance of traffic signals at the time and place of the accident and asserting that he was entitled to recover from it all or one-half of any judgment that might be rendered against him in favor of the plaintiffs.

The third-party defendant answered the complaint, generally denying all material allegations and affirmatively pleading, among other defenses, unavoidable accident and the negligence of both the plaintiffs and the defendant, the third-party plaintiff.

Later, the plaintiffs filed a complaint against the third-party defendant, setting forth the matters contained in the original complaint against the defendant Donelly, and alleged further that if the signal light at the intersection was not working properly at the time in question, the failure of the third-party defendant to keep it in proper order rendered it jointly or severally liable with the defendant Donelly to the plaintiffs. The answer of the third-party defendant to the plaintiffs' complaint against it was almost identical to its answer to the third-party complaint. In various ways it charged negligence on the part of both the plaintiffs and the defendant as the proximate cause of the accident. It is not questioned that all of the pertinent pleadings are authorized by Rule 14 of our Rules of Civil Procedure, § 21–1–1(14), 1953 Comp., governing third-party practice.

The cause was tried to a jury. During the course of impanelling the jury, the court ruled that both the defendant and the third-party defendant should each have five challenges, to which ruling the plaintiffs objected on the ground that both defendants had been pleaded against by them as joint tortfeasors, either jointly or severally. The defendants together exercised a total of eight challenges. A judgment was entered based on the jury verdict "in favor of the defendants," from which this appeal was taken.

The applicable statute, § 19–1–36, 1953 Comp., provides:

"In all civil cases each party may challenge peremptorily five (5) jurors

and no more, whether the plaintiffs or defendants shall be single or joined."

We have had occasion to construe this statute in Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719, and in American Insurance Company v. Foutz and Bursum, 60 N.M. 351, 291 P.2d 1081. In Morris v. Cartwright, supra, relied on by the appellants, the plaintiff sued jointly the owner and operator of the ta icab in which she was riding and the owners of a truck which was involved in a collision with the taxicab. The respective defendants were represented by separate counsel and their defenses to the plaintiff's action for damages were antagonistic. In holding that the granting of five challenges each to the separate defendants was reversible error, this court relied on the reasoning that the term "each party" as used in the statute refers simply to the two sides which normally oppose each other in a lawsuit. On the facts of that case, this reasoning was applicable. However, as was shown in American Insurance Company v. Foutz and Bursum, supra, relied on by appellees, it is proper to allow five peremptory challenges to the third-party defendant in addition to those allowed the original defendant in the action, where there is another controversy, distinct from the original parties plaintiff and defendant.

We conclude that the lawsui. was a three-sided one as was true in American Insurance Company v. Foutz and Bursum, supra, and although in that case the plaintiff did not see fit to assert any claim against the third-party defendant whereas in the instant case they did, the application of § 19–1–36, supra, announced in American Insurance Company v. Foutz and Bursum, supra, was nevertheless the rule applicable here. Therefore, it was proper for the trial court to allow five peremptory challenges to each, the defendant and the third-party defendant.

The judgment should be affirmed. It is so ordered.

CARMODY, CHAVEZ, NOBLE and MOISE, JJ., concur.