258 P.2d 719

**MORRIS v. CARTWRIGHT et al.**

No. 5562.

Supreme Court of New Mexico.

April 29, 1953.

Rehearing Denied July 14, 1953.

Grantham & Spann, Albuquerque, for appellant.

Gilbert, White & Gilbert, Santa Fe, for Cartwrights.

Quincy D. Adams, Albuquerque, for Joe A. Martinez.

COMPTON, Justice.

This is an action against the master for the negligence of the servant.

On November 12, 1949, a taxicab, owned and operated by appellee, Joe A. Martinez, in which appellant was a passenger, collided with a truck owned and operated by appellees, E. W. Cartwright and Elsie Cartwright, seriously injuring appellant. The concurring negligence of the drivers is charged as the cause of appellant's injuries. Issue was joined by general denial. The Cartwrights specially denied that the driver of the truck was operating the same while in the course of his employment. The case was tried to a jury and at the close of appellant's case, appellees moved for a directed verdict which was denied. When the evidence was concluded, the Cartwrights again moved for a directed verdict on the ground, among others, the proof failed to show the driver of the Cartwright vehicle at the time was acting within the scope of his employment. The motion was sustained and a verdict was directed for the Cartwrights. The case then went to the jury as to the negli-

gence of Martinez, which returned a verdict in favor of appellant. However, at the request of appellant, a special interrogatory was submitted with the instructions, which reads: "Do you find from the evidence that the driver of the taxi was negligent?" The answer was "No". Thereupon, Martinez moved for judgment upon the special finding. The motion was sustained, the verdict set aside, and judgment entered dismissing the complaint. To review the rulings of the court, appellant appeals.

Appellant has taught piano for many years. On the night of November 20, 1949, she played for a local broadcast in Santa Fe. When the program was over, she called a taxicab for transportation to her home. She got into the back seat of the cab and on her way home, at the intersection of Garcia Street and Acequia Madre, the cab collided with a truck owned and operated by appellees, Cartwrights. At the time of the collision, the cab was traveling south on Garcia Street and the truck was traveling west on Acequia Madre. As a result of the collision, appellant received severe injuries, permanent in nature, including a broken leg and serious injuries to her right shoulder. The extent of her disability is not seriously questioned.

The decisive questions are whether the court erred, (a) in allowing appellees ad-ditional peremptory challenges, (b) in directing a verdict for the Cartwrights, and (c) in determining the measure of damages.

Appellees were represented by separate counsel and when the case was called for trial, counsel for both announced that the defenses would be antagonistic and requested the court to allow five additional peremptory challenges and the court being of the opinion that it was within its discretion to do so, allowed five peremptory challenges to appellee, Martinez, and five to appellees, Cartwrights.

The trial court is vested with a wide discretion in impaneling the jury and in the absence of unusual circumstances, its discretion will not be disturbed, State v. Martinez, 52 N.M. 343, 198 P.2d 256; however, the right to peremptory challenges in Civil cases, something unknown to the common law, is not a right to select but to reject jurors, consequently, we must look to the statute itself. Section 30–132 New Mexico Statutes Annotated, 1941 Comp. provides:

"In all civil cases each party may challenge peremptorily five (5) jurors and *no more,* whether the plaintiffs or defendants shall be *single* or *joined.*" Emphasis ours.

We think the court erred in arbitrarily extending the statute. The term

"each party" means the two opposing sides to a controversy. Each side or party constitutes one party and is limited to five peremptory challenges. By employing the term "whether * * * single or joined" the opposite parties, though plural, are required to join in the exercise of peremptory challenges. The view expressed here finds accord generally in the cases. Mullery v. Great Northern Ry. Co., 50 Mont. 408, 148 P. 323; Mourison v. Hansen, 128 Conn. 62, 20 A.2d 84, 136 A.L.R. 413; Ferron v. Inter Mountain Transp. Co., 115 Mont. 388, 143 P.2d 893. For an interesting discussion of the rule relating to peremptory challenges in criminal cases generally, see State v. Compton, 57 N.M. 227, 257 P.2d 915.

▮ It is fundamental that liability of the master for the use of an automobile by the servant is created only when it appears that its use is with knowledge and consent of the master and that it is used within the scope of employment of the servant and to facilitate the master's business. Miller v. Hoefgen, 51 N.M. 319, 183 P.2d 850. In determining whether the court properly directed the verdict for the Cartwrights, the evidence is considered in an aspect most favorable to appellant and all unfavorable evidence and inferences disregarded. Nevertheless, we must find against appellant. There was no evidence, circumstantial or otherwise, that the driver of the truck was in the course of his employment at the time of the accident.

▮ The Cartwright driver testified that he was using the truck without authority or permission of the owners on a Sunday evening to visit his grandmother and while returning home the accident occurred. Mr. E. W. Cartwright testified that he permitted the driver to keep the truck at his home to be used in emergency cases; that the truck was not to be used for his personal pleasure at any time and that on the occasion in question, the truck had been used without authority or permission. This evidence is undisputed and must be accepted as true. It was, therefore, the duty of the court to declare as a matter of law that the Cartwrights were free from negligence and direct a verdict accordingly.

▮ Appellant strongly relies upon the presumption arising from proof of ownership. It must be conceded that proof or admission of ownership creates a presumption that the driver of a vehicle causing damages is the servant of the owner and using the vehicle in the master's business. and this presumption is sufficient in the absence of evidence to the contrary to support a verdict. But it is only a presumption of law and not evidence. When contradictory evidence is introduced, the pre-

sumption disappears as though it had never existed.

At 61 C. J. S., Motor Vehicles, § 511 (5) (b) the rule is stated:

"Proof of defendant's ownership has also been regarded as sufficient to raise the presumption that at the time of the injury the vehicle was in the possession, or under the control, of defendant, either in his own person or in that of one, such as his agent or employee, for whose conduct he is responsible. * * * While the presumptions from the fact of ownership do not shift the burden of proof, they put the burden on defendant to come forward with evidence that he is not liable or responsible for the operation of his motor vehicle. It has been held that these presumptions are presumptions of law or administrative presumptions or rules of procedure, but it has also been held that they are presumptions of fact. In any event, although there are some statements apparently to the contrary, it has been held that these presumptions are not evidence, and go out of the case on proof of the facts, whether such evidence is presented by plaintiff or defendant."

So far as we have been able to find, the rule has been universally followed. We quote briefly from a few of the cases:

"It is conceded, and is of course the law in this state, that proof or admission of ownership is prima facie evidence that the driver of a vehicle causing damage by its negligent operation is the servant or agent of the owner and using the vehicle in the business of the owner. Baker v. Maseeh, 20 Ariz. 201, 179 P. 53. But 'prima facie evidence,' so called, is, strictly, no evidence at all. It is only a presumption of law. Barton v. Camden, 147 Va. 263, 137 S.E. 465. It has been uniformly so treated and denominated by this court. Baker v. Maseeh, supra; Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975. And such presumptions are mere arbitrary rules of law, to be applied in the absence of evidence. Whenever evidence contradicting a legal presumption is introduced the presumption vanishes. Seiler v. Whiting, 52 Ariz. 542, 84 P.2d 452; Flores v. Tucson Gas, Elec. L. & P. Co., 54 Ariz. 460, 97 P.2d 206." Silva v. Traver, 63 Ariz. 364, 162 P.2d 615, 616.

"And where the defendant, as was done in the instant case, establishes that the son, on the occasion of the injury, was not driving the parent's car with the consent or approval of the latter, or in his business or interest, and was not then acting as his servant or agent, and such evidence

is uncontradicted by rebuttal evidence, and the witness is in no way impeached, the presumption of authority previously existing is overcome, the absence of authority on the particular occasion is established, and no question of fact as to agency at the time of the accident remains." Gallagher v. Holcomb, 172 Okl. 1, 44 P.2d 44, 49.

"It is equally well settled that, where the evidence offered to establish facts which would rebut this presumption is contradictory, the question is one for the jury; but, where the facts so offered are undisputed and uncontradicted, it becomes properly a question for the court." Manion v. Waybright, 59 Idaho 643, 86 P.2d 181, 186.

"Presumptions disappear when the facts appear. The facts appear when the evidence is introduced from which the facts may be found. Presumptions cannot be weighed against evidence, for they fade out in the light of evidence, no matter how contradictory the evidence." Christiansen v. Hilber, 282 Mich. 403, 276 N.W. 495, 497.

Also see Senn v. Lackner, 157 Ohio St. 206, 105 N.E.2d 49; Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384; Kavanaugh v. Wheeling, 175 Va. 105, 7 S.E.2d 125; Callahan v. Weybosset Pure Food Market, 47 R.I. 361, 133 A. 442; Pollard v. Grimes, 202 Okl. 118, 210 P.2d 778.

■ Appellant makes the point that certain inferences and deductions arise from the fact that tools and pipes were found in the Cartwright truck and its driver was dressed in working clothes at the time of the collision. This claim leads into the field of speculation. The courts generally hold that such doubtful inferences are not sufficient to contradict positive testimony.

In the case of Butt v. Smith, 148 Md. 340, 129 A. 352, 353, the court disposed of a similar contention:

"Under this state of the evidence and the other circumstances of this case, a finding that, because of the presence of the tomatoes on the truck, the driver was acting within the scope of his employment at the time of the accident, would not be based on any logical inference, but would be a mere speculation. And the fact that the driver was dressed in his working clothes is, in our opinion, of even less weight. * * * Vague and doubtful inferences of this sort are certainly not sufficient to contradict the positive and otherwise unchallenged testimony of the defendant, and, as this testimony clearly rebuts the presumption arising from the defendant's ownership of the truck and his employment of the driver, we think it is a necessary conclusion that the learned court below erred in refusing to grant

the prayer of the defendant asking for a directed verdict in his favor."

For the guidance of court and counsel, we turn now to a further question concerning appellant and appellee Martinez. Appellant tendered an instruction to the effect that the damages to appellant, if any, should be based on her earning ability rather than on what she was actually earning at and prior to the time of the accident. The refusal of this instruction is assigned as error. Previously, she had only been teaching two days weekly in Albuquerque. This was due to establishing a private school in Santa Fe. Unquestionably, she was capable of teaching full time, nevertheless, the court limited the measure of damages to loss of actual earnings. In this regard the court committed error. Where a person is working regularly and it is reasonably certain that such employment will be continuous but for the injury sustained, loss of actual earnings and earning capacity, constitute the measure of damages. Mobley v. Garcia, 54 N.M. 175, 217 P.2d 256, 19 A.L.R. 2d 553 and Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407.

In the case of Renuart Lumber Yards v. Levine, Fla., 49 So.2d 97, 99, the court had the following to say:

"The purpose of an award of damages for loss of future earnings is to compensate for loss of earning capacity as distinguished from loss of actual earnings, * * *."

In Mazi v. McAnlis, 365 Pa. 114, 74 A.2d 108, 112, the court held:

"The consideration of loss of earning capacity is not solely the comparative amount of money earned before or after an injury but the true test is whether or not there is a loss of earning power, and of ability to earn money".

Also see Ostertag v. Bethlehem Ship Building Corp., 65 Cal.App.2d 795, 151 P.2d 647; Dowling v. L. H. Shattuck, Inc., 91 N.H. 234, 17 A.2d 529; Clawson v. Walgreen Drug Co., 108 Utah 577, 162 P.2d 759; City of Phoenix v. Mubarek Ali Kahn, 72 Ariz. 1, 229 P.2d 949.

Other questions urged for a reversal have been noticed but these are found to be without merit except such as are unlikely to arise on a subsequent hearing.

The judgment will be affirmed in part and in part reversed. It will be affirmed as to appellees, Cartwrights, and reversed as to appellee, Joe A. Martinez, with directions to the trial court to enter an order reinstating the case upon its docket and proceed in a manner not inconsistent herewith, and it is so ordered.

SADLER, C. J., and McGHEE, COORS, and LUJAN, JJ., concur.