453 P.2d 384

**Bill G. PAYNE, Plaintiff-Appellee,**

**v.**

**Michael A. TUOZZOLI, Defendant-Appellant.**

**No. 272.**

Court of Appeals of New Mexico.
March 28, 1969.

John T. Whorton, Shipley & Whorton, Alamogordo, for appellant.

S. Thomas Overstreet, Fettinger, Bloom & Overstreet, Alamogordo, for appellee.

## OPINION

OMAN, Judge.

Defendant appeals from a judgment for damages. These damages resulted when an automobile owned by defendant collided with the rear of plaintiff's automobile while lawfully parked on a public street in the City of Alamogordo, New Mexico. The collision occurred sometime between 3:03 a. m. and 3:33 a. m. There is no question about the negligence of the driver of defendant's vehicle. The sole question presented relates to the identity of this driver.

The trial court's findings and conclusions concerning the driver of defendant's automobile are:

"FINDINGS OF FACT

" * * *

"8. That the Defendant, Michael A. Tuozzoli, was the operator of his 1953 Chevrolet automobile at the time of the accident, * * *

"9. The operator of the Tuozzoli vehicle left the scene of the accident without identifying himself or herself, and has not thereafter been identified.

"10. That the Defendant, Michael A. Tuozzoli, after the said accident left the scene of the accident without identifying himself.

"CONCLUSIONS OF LAW

" * * *

"2. There is a presumption that the operator of Defendant's car was the Defendant or the agent and servant of the Defendant-owner, and that said operator was acting within the scope of his employment by the Defendant at the time of the accident.

"3. That Defendant, Michael A. Tuozzoli, negligently and carelessly operated his vehicle on or about January 14, 1968, and while so operating said vehicle struck the Plaintiff's vehicle."

Defendant urges that Findings 8 and 10 are not supported by substantial evidence, and that it is apparent the trial court relied on the presumption stated in Conclusion No. 2 as support for these findings. We agree.

Plaintiff argues that there is substantial evidence to support the findings and relies upon the following for this support:

(1) The ownership of the vehicle by defendant.

As above stated, there is no question about the ownership. The presumption referred to in the trial court's Conclusion No. 2 will hereinafter be discussed.

(2) Negligence of the operator of defendant's vehicle.

As above stated, there is no question about such negligence. The fact that the driver was negligent has no probative force upon the question of the identity of the driver. At least it does not under the facts of this case.

(3) The fact that the driver left the scene of the accident.

There is no doubt the driver of defendant's vehicle left the accident scene before the police arrived, and has never been identified. However, we fail to comprehend how this tends to establish defendant as the driver. If the disappearance of the driver has any probative value on the question of the driver's identity, it would more nearly give support to defendant's contention that his vehicle was stolen and was being driven by someone unknown to him.

(4) A police officer, who patrolled the street upon which the accident happened, stated it took about thirty minutes for him to make a complete round of the area he patrolled. He was told of the accident at about 3:33 a. m. by an unknown motorist. He testified, and the court so found, that the accident occurred between 3:03 a. m. and 3:33 a. m.

(5) Another police officer testified defendant came to the police station shortly after noon on the day of the accident "to report a stolen car." In their conversation defendant told this officer he did not get home until about 3:30 a. m., and that he had been drinking. He also testified the Alamogordo Department of Public Safety was not looking for a thief who may have stolen defendant's vehicle.

This officer also testified that "the same morning" the car was reported "to us" as being stolen, and that, when defendant arrived at the police station shortly after noon, this officer advised defendant that because he was the registered owner of the vehicle he was responsible for the accident, "unless he could prove otherwise."

(6) A third officer testified there were no keys in defendant's vehicle at the scene of the accident, and no evidence that the vehicle had been "hot-wired." He also tes-

tified the records of the Department of Public Safety of the City of Alamogordo contained no report of the theft of a 1953 Chevrolet from January 14, 1968, to January 16 or 17, 1968.

(7) Defendant testified he was driving his vehicle on the morning of the accident, and that he had the keys to his vehicle after the accident.

He also testified he had been to a going-away party for a friend. He had a few drinks at the party, but was not intoxicated. He left the party at about 2:45 a. m. and drove directly to the home of a friend where he was going to spend the night; it took him no more than five minutes to drive from the place where the party was being held to the home of the friend; he did not drive on the street on which the collision occurred; he parked his car in front of the house next door, removed the ignition key, and entered the home of the friend; he visited briefly with his friend, and then went to bed at about 3:00 a. m.; he learned his vehicle was missing at about 10:15 a. m.; he, the friend with whom he was staying, and another friend, who was also staying at the same house, spent about an hour looking for the car; he then telephoned the police to report his car was missing, and was told the police had the car and that he should come to the police station; upon his arrival at the police station he was told his car had been in an accident; and, he was informed by the police that he was presumed to have been the driver at the time of the accident, since he was the owner.

None of this testimony is disputed, except as shown by other evidence to which reference is herein made.

He also offered testimony by an expert that the ignition key could be removed from a 1953 Chevrolet, and the vehicle then started without difficulty and without the use of the key. Only when the key is turned to the "Locked" position and then removed is it necessary to use the key in starting the vehicle. This testimony was undisputed.

(8) The young lady, at whose home the going-away party was held, testified defendant left the party at about 3:00 a. m.

(9) The friend, with whom plaintiff was staying, testified he did not see plaintiff's vehicle when plaintiff arrived at his home.

This witness also testified defendant arrived at about 2:45 a. m.; he was eating at the time and preparing to go to bed when he heard the "car pull up"; he did not hear any car pull away; he did not have a view of the street from where he was sitting, because the door was closed and the curtain drawn; defendant came in the house, and they talked for about five or ten minutes before going to bed right after 3:00 a. m.; he next saw defendant at about 10:00 a. m. when he was awakened by defendant and asked if he had seen defendant's car; they got the other friend out of bed, and then the three of them drove around looking for defendant's car; they returned home and defendant called the police and reported his car was missing or had been stolen; the police told defendant his car was at the police station; and, they then drove to the station.

Plaintiff particularly relies upon the case of Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921 (1938). The question in that case was not confined to the identity of the driver of the vehicle. The question was whether a particular vehicle was the one involved in the accident. If the vehicle in question was the one involved, then the identity of the driver was established. The evidence, which was held to give substantial support to the finding that the vehicle and, consequently, the driver thereof were involved, consisted of: (1) a peculiar tire marking in the earth at the accident scene which corresponded with the tread of a tire on the vehicle in question; (2) broken glass from an automobile headlight at the accident scene; (3) a bent fender, broken headlight and broken bumper on the vehicle shortly after the accident; and (4) departures by the driver from routine behavior shortly after the accident.

In the Lopez case it was said that every legitimate inference will be drawn against

a hit and run driver. However, this position is of no assistance in determining the identity of the driver.

In the present case we are unable to ascribe any relevant probative force upon the issue of identity of the driver to the fact that the Alamogordo Department of Public Safety has no written report of the theft, or from the fact that this department was not looking for a thief who may have stolen the vehicle. This department was advised of a theft.

■ The identity of the operator of a motor vehicle may be proved by circumstantial evidence, regardless of whether he was the owner of the vehicle. Gaul v. Noiva, 155 Conn. 218, 230 A.2d 591 (1967).

Here the only evidentiary facts, which we believe in any way tend to support a finding that defendant was the driver of the vehicle at the time of the accident, are his ownership of the vehicle and the fact that he was driving it some time within approximately thirty minutes of the happening of the accident. It is readily apparent that the evidentiary items and conduct relied upon in Lopez v. Townsend, supra, to establish identity of the vehicle involved, went far beyond those relied upon by plaintiff in the present case to establish defendant as the driver.

■ We are aware of the presumptive correctness of a trial court's judgment. State for Use and Benefit of Dar Tile Co. v. Glens Falls Insurance Company, 78 N.M. 435, 432 P.2d 400 (1967). This presumption does not, however, replace the requirement that the judgment must be supported by findings, which in turn must be supported by substantial evidence.

Plaintiff calls to our attention the view which we are required to take when the question is raised as to whether a verdict is supported by substantial evidence. He quotes from Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967), wherein it is stated:

"* * * On appeal, all disputed facts are resolved in favor of the successful party, all reasonable inferences indulged in support of the verdict, all evidence and inferences to the contrary disregarded, and the evidence viewed in the aspect most favorable to the verdict. * * *"

In the same opinion substantial evidence is defined as "* * * such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, * *"

■ These two related rules contemplate the acceptance by us of those disputed facts which give support to the findings, together with all reasonable inferences deducible therefrom. By such acceptance of disputed facts, and all reasonable inferences therefrom, it necessarily follows that the conflicting evidence which gives rise to the dispute, together with the reasonable inferences deducible therefrom, must be rejected by us. The accepted evidence is viewed in the aspect most favorable to support the verdict. However, this view must be consistent with reason, and the evidence so viewed must still be "* * * such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, * * *"

If the statements of the witnesses relied upon by plaintiff are taken out of context and isolated as whole and independent statements of truth, then these statements, together with reasonable inferences therefrom, do lend support to the finding that defendant was driving his vehicle.

■ In resolving conflicts in the evidence in support of the findings, it is not contemplated, nor is it consistent with reason, that words, phrases, clauses or sentences may be selected out of context and then combined to give support for a conclusion which is not supportable by the entire text of the testimony of the witnesses on the particular subject or subjects from which the selections are taken.

■■ We do not mean to suggest that conflicts in the testimony of a single witness are not to be resolved on appeal in accordance with the rules quoted above from Tapia v. Panhandle Steel Erectors Company, supra. Such conflicts, like other conflicts in the evidence, are to be resolved

by the trier of the facts. Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); State v. McKay, 79 N.M. 797, 450 P.2d 435, Ct.App.1969). However, where no conflict in fact exists in the testimony of a witness on a particular subject, it is not permissible to accomplish a distortion of his testimony on this subject by taking and combining brief extracts therefrom.

■ We are unable to agree with plaintiff, that from the evidence a reasonable inference can be drawn that defendant was operating his vehicle at the time of the accident, it was his negligence which caused the accident, and he left the scene without identifying himself. The trial court's Findings of Fact Nos. 8 and 10 are not supported by substantial evidence.

The trial court's Finding of Fact No. 9 and Conclusion of Law No. 2, which are quoted above, indicate uncertainty on its part as to who was driving defendant's vehicle at the time of the accident. There is no substantial evidence that defendant, or an agent or servant of defendant, was the operator of the automobile at the time of the accident.

■ We agree with defendant that the trial court apparently sought support for Findings Nos. 8 and 10 in the presumption referred to in Conclusion No. 2. A presumption of this type ceases to exist immediately upon the introduction of credible and substantial evidence which would support a contrary finding. Lunde v. Dwyer, 74 S.D. 559, 56 N.W.2d 772 (1953). See Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719 (1953). In Emmler v. Kline, 6 N.J. Misc. 56, 139 A. 899 (S.Ct.1928), the court, under a somewhat similar state of facts, held that the presumption as to identity of the driver arising from ownership of the vehicle was overcome.

As to the effect of a like presumption see also State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co., 78 N.M. 359, 431 P.2d 737 (1967); Mizer v. Southern Pacific Company, 77 N.M. 74, 419 P.2d 452 (1966); Rocky Mountain Whole. Co. v. Ponca Whole. Mercan. Co., 68 N.M. 228, 360 P.2d 643 (1961); Morrison v. Rodey, 65 N.M. 474, 340 P.2d 409 (1959); Hartford Fire Insurance Company v. Horne, 65 N.M. 440, 338 P.2d 1067 (1959).

There are cases which reach a result opposite to that which we reach in this case. However, we believe an examination of the cases reaching an opposite result will show they are based upon: (1) circumstantial evidence as to identity which has much greater probative force than that in the present case; (2) the giving of a different and greater effect to the presumption, or inference, arising from ownership, than is given it in New Mexico; or (3) both stronger circumstantial evidence and a different effect given the presumption. For a collection and discussion of many of the cases upon the presumption, or inference, of identity and responsibility by reason of ownership, see the annotations in 42 A.L.R. 898 (1926); 74 A.L.R. 951 (1931); 96 A.L.R. 634 (1935); 32 A.L.R.2d 988 (1953).

The judgment is reversed with directions to set it aside and to dismiss the complaint with prejudice.

It is so ordered.

WOOD and HENDLEY, JJ., concur.