579 P.2d 178

**Stella M. GARMOND and Beverly Flores, Individually and as members of a class of owners of lots in the San Miguel Acres Subdivision, Plaintiffs-Appellees,**

v.

**Edward E. KINNEY and Kinney Brick Company, Inc., Defendants-Appellants.**

No. 11523.

Supreme Court of New Mexico.

May 26, 1978.

Miller & Melton, Steve H. Mazer, Albuquerque, for defendants-appellants.

Toulouse, Krehbiel & DeLayo, Narciso Garcia, Jr., Albuquerque, for plaintiffs-appellees.

OPINION

PAYNE, Justice.

Plaintiffs Stella Garmond and Beverly Flores brought suit individually and as owners of lots in San Miguel Estates seeking a prescriptive easement over land belonging to the defendant, Kinney Brick Company. The land involved is located in the Manzano Mountains. The trial court granted the easement to the plaintiffs and Kinney appeals. We reverse.

In order for the court to grant an easement in favor of the plaintiffs, the plaintiffs must show by clear and convincing evidence that they used the roadway in question openly, uninterruptedly, peaceably, notoriously, adversely and under a claim of right for a period of ten years and that they did so with the knowledge of the owner. *Vigil v. Baltzley*, 79 N.M. 659, 448 P.2d 171 (1968); *Sanchez v. Dale Bellamah Homes of New Mexico, Inc.*, 76 N.M. 526, 417 P.2d 25 (1966); *Hester v. Sawyers*, 41 N.M. 497, 71 P.2d 646 (1937). Kinney claims that the plaintiffs' use was permissive and thus not adverse to its interest in the land.

"A prescriptive right cannot grow out of a strictly permissive use, no matter how long the use." *Id.* at 504, 71 P.2d at 651. Several uncontroverted facts lead to the conclusion that plaintiffs used the road with the permission of Kinney.

First, in 1953 Alice Ingram Smith, the plaintiffs' predecessor, obtained from the forest service a Special Use Permit allowing her to improve and use the roadway. A condition to the issuance of the permit was that Mrs. Smith obtain permission from the Kinney Brick Company to cross its land. There is uncontroverted evidence that Mrs. Smith received permission from Kinney. Tom Kinney testified:

A. Yes. Early in the '50's Mr. Cole, who had been surveying the clay pit property and with whom I had a great deal of contact . . . came to me and asked for permission to put a road from the then subdivision that didn't have a name at that time to the west of us, along . . . a closer route to Highway 10 because the only way to get in and out of the Acres Subdivision that he was platting was the circuitous route up the valley or down the valley north that joined eventually Highway 14 or Highway 10 at the time and he was looking for a shorter route.

Q. Did he tell you who he was representing?

A. No, sir.

Q. Just the owners of the subdivision?

A. Right, he said they were relatives of his.

. . . . .

(My father) told me to tell Mr. Cole to go ahead . . . and also to inform Mr. Cole to inform his people that this was only on a temporary basis because sometime maybe we would need that ground and on that basis to go ahead.

Q. Did you, in fact, tell Mr. Cole this?

A. Yes, that's the only reason he went ahead and did it.

Mr. Cole is the son-in-law of Mrs. Smith and he received permission to use the roadway on her behalf. When Mrs. Smith received permission to use the roadway, Kinney knew that she was going to subdivide the land. Kinney's permission went directly to the unknown lot owners.

A second indication that the use of the roadway was permissive was a letter addressed to Mrs. Smith, dated July 23, 1959 and introduced as defendant's Exhibit 6. The letter, written by Kinney's attorney, reaffirmed that Mrs. Smith's use of the roadway was permissive. It was stipulated that in 1959 Mrs. Smith lived at the address indicated in the letter and that the letter was mailed. A properly addressed letter that is mailed is presumed to be received. *Adams v. Tatsch*, 68 N.M. 446, 362 P.2d 984 (1961); *Associated Petroleum Transport v. Shepard*, 53 N.M. 52, 201 P.2d 772 (1949). There was no competent evidence introduced to rebut this presumption.

Finally, the trial court found that the roadway had been used by the Campfire Girls and by the general public as well as by the plaintiffs. Based upon this finding, the trial court concluded that the plaintiffs had established a prescriptive easement. We cannot agree. A finding that the general public used the roadway is inconsistent with the conclusion that plaintiffs established a prescriptive easement. *Martinez v. Mundy*, 61 N.M. 87, 295 P.2d 209 (1956). In the *Martinez* case this Court held that an easement by prescription could not be acquired by usage "common with and similar to that of the general public." *Id.* at 95, 295 P.2d at 214. The court's finding does not support the conclusion that plaintiffs established an easement. To the contrary, use by the general public under the facts of this case negates such a conclusion.

We hold that based on the evidence in the record, the plaintiffs failed to show that they used the roadway adverse to Kinney's interest. We reverse the decision of the trial court.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.