596 P.2d 277

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Bernarr H. HOWELL, Jr.,
Defendant-Appellee.**

**No. 3941.**

Court of Appeals of New Mexico.

May 22, 1979.

Jeff Bingaman, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, Wesley R. Bobbitt, Asst. Dist. Atty., Carlsbad, for plaintiff-appellant.

Tom Cherryhomes, Carlsbad, for defendant-appellee.

OPINION

WOOD, Chief Judge.

Defendant is charged with child abuse contrary to § 30–6–1(C)(2), N.M.S.A.1978 (Supp.1978). We do not consider the proposed amendment to the information because the record does not show that the trial court has allowed the amendment. The trial court ruled that defendant's wife would not be permitted to testify as a witness for the prosecution; the State appealed. We discuss: (1) the husband-wife privilege; and (2) an issue not raised in the trial court.

*Husband-Wife Privilege*

The mother of the child involved in this case arranged for defendant's wife to care for the child four and one-half hours a day, five days a week, while the mother was attending school. On April 3, 1978, the mother had fetched the child and returned to her home. Upon changing the child's diaper, the mother observed a large bruise on the child's buttocks "over his whole rear . . . ." This was reported to the police. When the police inquired about the bruise, defendant's wife made a statement which would permit an inference that defendant inflicted the bruise. The trial court ruled that the wife's testimony would be excluded, defendant having invoked the husband-wife privilege.

The pertinent portions of Evidence Rule 505 state:

> (b) *General rule of privileges.*
>
> (1) An accused spouse in a criminal proceeding has a privilege to prevent the other spouse from testifying against the accused. . . .
>
> (d) *Exceptions.* There is no privilege under this rule: (1) in proceedings in which one spouse is charged with a crime against the person or property of the other spouse or a child of either . . .

The trial court found that the child involved was neither the natural child, adopted child, nor stepchild of either defendant or his wife. The trial court ruled that the State failed to show that the exception in Evidence Rule 505(d)(1) was applicable.

The State contends the exception was applicable because defendant's wife "stood in loco parentis" to the child. The State asserts that defendant's wife "had and exercised plenary authority over the child to feed him, guide him with such love, attention, and chastisement as one gives an 8 month old baby, and to attend to such important matters as the baby's medical needs." This characterization of the evidence is in the light most favorable to the State; a fair inference from the evidence is simply that defendant's wife was a babysitter. However, the State's characterization

of the evidence, even if accepted by us, does not show an in loco parentis relationship.

*Fevig v. Fevig,* 90 N.M. 51, 559 P.2d 839 (1977) states:

> A person is said to stand in loco parentis when he puts himself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formalities necessary to a legal adoption. . . .
> However, the person must intend to assume toward the child the status of a parent.

■ The evidence does not permit an inference that defendant's wife intended to assume the status of parent to the child. The trial court properly ruled that the exception had not been established. Accordingly, we do not reach the question of whether an in loco parentis relationship is within the meaning of Evidence Rule 505.

The State points out that the husband-wife privilege has been severely criticized. It argues that the privilege should be narrowly construed, or more specifically in this case, that the exceptions to the privilege should be liberally construed. The State argues that a "rule of necessity," similar to that applied in common law proceedings to erode the extent of the privilege, should be applied.

We recognize the criticism of the privilege. See VIII Wigmore, Evidence, §§ 2227 and 2228 (McNaughton rev. 1961); 2 Weinstein's Evidence, ¶ 505[02] (1979). Wigmore, supra, page 221 states:

> This privilege has no longer adequate reason for retention. In an age which has so far rationalized, depolarized and dechivalrized the marital relation and the spirit of femininity as to be willing to enact complete legal and political equality and independence of man and woman, this marital privilege is the merest anachronism in legal theory and an indefensible obstruction to truth in practice.

■ Even with this criticism, various states, in addition to New Mexico, have adopted an evidentiary rule stating a husband-wife privilege. Weinstein, supra,

¶ 505[06] (Cum.Supp.1978). This Court is to apply the evidentiary rules adopted by the Supreme Court. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). Thus, this Court is not free, under a concept of "necessity," to refuse to apply the rule as adopted. We recognize that there may be situations where we must determine whether the rule is applicable. See *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977). Here, the facts are insufficient to raise a question as to the applicability of the exception to the rule; accordingly, there is no question of construction.

*Issue Not Raised in the Trial Court*

In an effort to defeat the privilege conferred by Evidence Rule 505, the State contends that in child abuse cases, no privilege applies. The State relies on §§ 32–1–15(A) and 32–1–16(A), N.M.S.A.1978. This argument encompasses the meaning of these statutes, their relationship to Evidence Rule 505 and their validity under *Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 551 P.2d 1354 (1976). See *State v. Herrera,* 92 N.M. 7, 582 P.2d 384 (Ct.App.1978). No issue concerning these statutes was raised in the trial court; the State interjected these statutes into the case, for the first time, on appeal. The applicability of these statutes will not be considered. N.M.Crim.App. 308; *State v. Brakeman,* 88 N.M. 153, 538 P.2d 795 (Ct. App.1975).

The order of the trial court is affirmed.

IT IS SO ORDERED.

WALTERS, J., specially concurring.

ANDREWS, J., specially concurring.

WALTERS, Judge (specially concurring).

I agree with the result reached and the conclusion of Chief Judge Wood that this court is without power or authority to disregard Rule 505 of the Rules of Evidence. I do not wish by my concurrence to intimate, however, that I agree with Professor Wigmore's apparent analysis that recent enactments of "complete legal and political equality and independence of man and woman" is in any way destructive of the marital relationship which the privilege originally was intended to protect. That analysis, it seems to me, suggests that so long as women remained legally and politically inferior, and dependent upon men, the privilege served a valid purpose, i. e., it helped to hold a marriage together. Or it might also mean that wives should not testify against their husbands if they are dependent, subordinate or unequal, because that inferior status should not be disturbed; whereas, if the wife achieves a status of equality, the marital relation is not worth protecting.

I think the true basis for considering rejection of the privilege is better stated by the rationale of Hutchins and Slesinger: there is no reason to sacrifice individual justice by pretending the privilege promotes family unity.

ANDREWS, Judge (specially concurring).

I agree with the opinion and the result reached, however, I have this further comment in regard to Rule 505.

While criticism of the husband wife privilege is fashionable, consideration of its abolition may be premature.

The stresses of modern society make more attractive than ever before the prospect of a safe harbour of intimacy where spouses can confide in each other freely without fear that what they say will be published under compulsion. 2 Weinstein's Evidence ¶ 505[03] (1979).

The drastic remedy of abolition is not necessary. Rather, that portion of the rule not relating to "confidential communication" between husband and wife should be removed from Rule 505, New Mexico Rules of Evidence.