598 P.2d 1175

**Patricia MYERS, next friend of Billy White, Plaintiff-Appellant,**

v.

**Nick P. KAPNISON and George Manjoros, Defendants-Appellees.**

**No. 4058.**

Court of Appeals of New Mexico.

July 12, 1979.

Ronald T. Taylor, Wollen & Segal, P. C., Albuquerque, for plaintiff-appellant.

William C. Marchiondo, Marchiondo & Berry, P. A., Albuquerque, for defendants-

appellees; M. Terrence Revo, Albuquerque, of counsel.

## OPINION

WOOD, Chief Judge.

We granted an interlocutory appeal under § 39–3–4, N.M.S.A.1978 to review the trial court's order striking plaintiff's jury demand. We hold that the jury demand was waived because not timely filed under Rule of Civ.Proc. 38. We also hold the trial court did not err in refusing to order a jury trial under Rule of Civ.Proc. 39(a).

The complaint was filed October 17, 1978. The attorney for defendants accepted service on October 20, 1978. On November 20, 1978 an attorney for plaintiff contacted a secretary for defendants' attorney and was advised that the answer had been filed on November 3, 1978. The uncontradicted showing is that the answer had never been received by plaintiff's attorneys. A copy of the answer was mailed to plaintiff's counsel on November 22, 1978 and received on November 27, 1978. Plaintiff's jury demand was filed on December 5, 1978 and delivered to defendants' attorney on that date.

Defendants moved to strike the jury demand on the basis that it "was not timely filed." Because no jury demand was filed until December 5, 1978, the trial court struck the jury demand.

New Mexico decisions have referred to a presumption of delivery of a document that has been "properly mailed," and the presence or absence of evidence to overcome the presumption. *Garmond v. Kinney*, 91 N.M. 646, 579 P.2d 178 (1978); *Adams v. Tatsch*, 68 N.M. 446, 362 P.2d 984 (1961); *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (Ct.App. 1973). See *Associated Petroleum Transport v. Shepard*, 53 N.M. 52, 201 P.2d 772 (1949). Decisions in other jurisdictions have referred to a contrary presumption. Where, as in this case, the showing is of nonreceipt of a document, a presumption of nonmailing has been applied. *Employers' Liability Assurance Corp. v. Maes*, 235 F.2d 918 (10th Cir. 1956); *Teichberg v. D. H. Blair & Co.*, 63 Misc.2d 1073, 314 N.Y.S.2d 284 (1970). We do not decide this case upon the existence or nonexistence of an unrebutted presumption. We do not do so because of specific rule provisions.

Rule of Civ.Proc. 38(a) states that in civil actions "[a]ny party may demand a trial by jury . . . by serving upon the other parties a demand therefor in writing . . . [but] not later than 10 days after service of the last pleading . . . ." As applied to this case, plaintiff had ten days within which to serve the jury demand after service of the answer upon plaintiff.

Defendants' answer was to be served upon plaintiff's attorney. Rule of Civ.Proc. 5(a), 5(b) and 7. A permissible method of service is by mailing to the last known address. "Service by mail is complete upon mailing." Rule of Civ.Proc. 5(b). "This is significant. Non-receipt of the paper does not affect the validity of the service." 2 Moore's Federal Practice, ¶ 5.07. See *Williams v. Blitz*, 226 F.2d 463 (4th Cir. 1955); *In re Mack*, 330 F.Supp. 737 (S.D.Tex.1970); *Kiki Undies Corporation v. Promenade Hosiery Mills, Inc.*, 308 F.Supp. 489 (S.D.N.Y. 1969); *Rifkin v. United States Lines*, 24 F.R.D. 122 (S.D.N.Y.1959).

The party relying on service by mail has the burden of proving the mailing. *Employers' Liability Assurance Corp. v. Maes*, supra; see *Gendron v. Calvert Fire Ins. Co.*, 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310 (1943).

Concerning service of the answer filed November 3, 1978, there are two items of proof. One item is a copy of a "TRANSMITTAL MEMORANDUM" from the file of defendants' attorney, dated either November 2nd or 3rd, 1978. This memorandum states that an answer was enclosed. If mailed, this memorandum shows the answer was mailed to the address of plaintiff's attorneys. The second item is the certificate of service by defendants' attorney, see Rule of Civ.Proc. 5(f), which appears on the answer. This certificate recites that a copy of the answer "was mailed to the opposing counsel of record this 3rd day of Nov. 1978."

Unchallenged, the attorney's certificate was sufficient proof of mailing. *Timmons v. United States*, 194 F.2d 357 (4th Cir. 1952). Here, the fact of mailing was chal-

lenged. Four affidavits were submitted on behalf of plaintiff. Three were by attorneys for plaintiff; all stated that they had not received or seen either the answer purportedly mailed on November 3, 1978 or the transmittal memorandum. All stated they had received mail that had been delayed in its delivery but knew of no correspondence which was lost in the mail and never delivered. In addition, there is an affidavit of the receptionist for plaintiff's attorneys. She stated that she receives and distributes "all of the mail"; that she had not received or seen the answer prior to receipt of a copy of the answer mailed November 22, 1978. These affidavits raised a factual question as to whether the answer was mailed on November 3, 1978.

The transmittal memorandum says nothing about mailing. The attorney's certificate concludes that the answer was mailed, but states nothing in support of that conclusion. There is no reference to postage or to placing in a mail box of any kind. See *Davis v. Pennsylvania R. R.,* 7 F.R.D. 622 (N.D.Ohio E.D.1947). Compare the certificate in *Timmons v. United States,* supra. See N.M.Crim.App. 301(b) which states: " 'Mailing' shall include deposit in an outgoing mail container which is maintained in the usual and ordinary course of business of the serving attorney."

There being no proof of mailing of the answer on November 3, 1978, plaintiff was not served with the answer by a mailing on November 3, 1978. This, however, does not dispose of the appeal.

■ There is proof that an answer was mailed on November 22, 1978. This is established by the affidavits of two of plaintiff's attorneys, and the receptionist. The fact that this answer was not received until November 27, 1978 does not aid plaintiff because service is complete upon mailing, and a mailing on November 22, 1978 is not disputed. The jury demand, served on December 5, 1978, was not served within ten days of service of the answer. Rule of Civ.Proc. 38(a). The jury demand not having been served within ten days of service of the answer, plaintiff waived jury trial. Rule of Civ.Proc. 38(d).

■ Rule of Civ.Proc. 39(a) authorizes the trial court, in its discretion, to order a trial by jury. The trial court refused to order a jury trial under this rule, pointing out that plaintiff knew, on November 20, 1978, that an answer had been filed on November 3, 1978, yet did nothing toward obtaining a jury trial until December 5, 1978 when the jury demand was filed. The appellate issue is whether the refusal to order a jury trial under Rule of Civ.Proc. 39(a) was an abuse of discretion. *Hazelrigg v. American Fidelity & Casualty Company,* 241 F.2d 871 (10th Cir. 1957); See *Keeth Gas Co., Inc. v. Jackson Creek Cattle Co.,* 91 N.M. 87, 570 P.2d 918 (1977). We cannot say the trial court abused its discretion in . refusing to order a jury trial because of plaintiff's delay in filing a jury demand. As to the meaning of abuse of discretion, see *Independent Etc. Co. v. N. M. C. R. Co.,* 25 N.M. 160, 178 P. 842 (1918); *State v. Hargrove,* 81 N.M. 145, 464 P.2d 564 (Ct. App.1970).

The order striking the jury demand is affirmed.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.