603 P.2d 736

**Leonella TRUJILLO,**
**Plaintiff-Appellant-Cross-Appellee,**

**v.**

**Virginia CHAVEZ, Executrix of the Estate of A. T. Montoya, Deceased, Defendant-Appellee-Cross-Appellant.**

**No. 3526.**

Court of Appeals of New Mexico.

Oct. 30, 1979.

E. Douglas Latimer, K. Gill Shaffer, Shaffer, Butt, Jones, Thornton & Dines, P. C., Albuquerque, for plaintiff-appellant-cross-appellee.

Robert J. Tonos, Robert C. Hanna & Associates, William P. Snead, Ortega & Snead, Michael P. Watkins, Oldaker, Oldaker & Watkins, Charles C. Spann, Albuquerque, for defendant-appellee-cross-appellant.

## OPINION

LOPEZ, Judge.

This action was brought in the District Court of Bernalillo County to recover damages resulting from an automobile accident. After a jury trial, a verdict was returned denying recovery both on plaintiff Leonella Trujillo's complaint and defendant Virginia Chavez' counterclaim. Chavez is the executrix of the estate of A. T. Montoya; Montoya died in the accident. Judgment was entered dismissing both the complaint and the counterclaim with prejudice. Both Trujillo's and Chavez' motions for judgment n.o.v. or, in the alternative, for a new trial were denied. Trujillo and Chavez appeal from the judgment and orders denying their motions. We reverse and remand.

Trujillo presents one point for reversal: the trial court erred by submitting U.J.I. 9.7, the guest statute instruction, to the jury. Chavez presents two points: (1) the court erred in submitting two instructions concerning the presumption arising from ownership of an automobile to the jury; and (2) the court erred in admitting testimony concerning a statement made by an unknown bystander. We shall discuss each appeal separately.

*Trujillo Appeal*

■ Trujillo argues that the court erred by submitting U.J.I. 9.7, the guest statute instruction, to the jury. This instruction was numbered 26A and reads:

A person transported in a vehicle as a guest without payment for such transportation cannot recover damages against the owner of the vehicle in case of accident unless the accident was intentional or was caused by willful and wanton misconduct of the owner.

In *McGeehan v. Bunch,* 88 N.M. 308, 540 P.2d 238 (1975), our Supreme Court held that the guest statute was unconstitutional. In arriving at this holding, the court stated:

After due deliberation, it is the opinion of this court that the decision holding our guest statute unconstitutional shall be given modified prospectivity. That is, this newly announced rule shall apply to the case at bar, *all similar pending actions* and all cases which may arise in the future. (Emphasis added.)

*Id.* at 314, 540 P.2d at 244. The court's decision was reached on September 23, 1975. The complaint in the present action was filed August 20, 1975. The present action, therefore, was pending when the Supreme Court reached its decision. Accordingly, we hold that the court erred in submitting instruction no. 26A to the jury. However, in order for this error to be grounds for reversal, the submission of the instruction must have been prejudicial to Trujillo. *Jewell v. Seidenberg,* 82 N.M. 120, 477 P.2d 296 (1970). A reading of the instruction itself and the record reveals that Trujillo's burden of proof was increased by the submission of the instruction. We thus conclude that Trujillo was prejudiced by its submission.

■ We are aware that Chavez claims that it was the duty of Trujillo to object specifically to the instruction so that the court could have an opportunity to correct it. *Lucero v. Torres,* 67 N.M. 10, 350 P.2d 1028 (1960). Relying upon the existence of this duty, Chavez contends that the judgment should be affirmed since Trujillo

failed to object to the instruction on the grounds that the guest statute was unconstitutional or that it was inapplicable based upon the ruling in *McGeehan v. Bunch, supra.* The record discloses that the court considered the *McGeehan* decision before it decided to submit the instruction to the jury. The court was, therefore, advised of those errors which might possibly result from the instruction's submission. Accordingly, the court had the opportunity to correct the instruction. In this situation, we rule that Chavez' contention is without merit. In addition, we do not agree that the court committed merely harmless error in submitting the instruction to the jury. The fact that the jury denied recovery to both parties does not necessarily mean, as Chavez asserts, that the jury found both parties negligent. The denial of recovery could also have resulted from the decision that Trujillo failed to carry her burden of proof. We have already indicated that Trujillo's burden was increased by the submission of the instruction. Therefore, we conclude that its submission may have affected the outcome of the case. Under these circumstances, we rule that the court did not commit harmless error.

Based upon the foregoing, we reverse the judgment and order of the court denying Trujillo's motion for a new trial and remand this cause for a new trial.

*Chavez Appeal*

Chavez argues that the court erred in submitting two instructions to the jury concerning the presumption arising from ownership of an automobile. These instructions were numbered 25 and 26 and read:

25. If after considering the evidence, you are unable to determine based upon credible and substantial evidence who was driving the automobile at the time of the accident, then the law provides that the owner is presumed to be the operator of the vehicle. Therefore, if you are unable to decide that there is sufficient evidence to allow a reasonable mind to accept is [sic] adequate to support a conclusion concerning who was driving the vehicle, you may accept the legal pre-

sumption that the Defendant, decedent, being the owner of the vehicle was the driver of the vehicle.

26. The presumption referred to in the last instruction disappears and ceases to exist if you find credible and substantial evidence which would support a contrary finding.

Until the adoption of the Rules of Evidence in 1973, the law in New Mexico was that a presumption ceases to exist upon the introduction of evidence which would support a finding of its nonexistence. *Hartford Fire Insurance Co. v. Horne,* 65 N.M. 440, 338 P.2d 1067 (1959); *Morrison v. Rodey,* 65 N.M. 474, 340 P.2d 409 (1959); *Morris v. Cartwright,* 57 N.M. 328, 258 P.2d 719 (1953); *Payne v. Tuozzoli,* 80 N.M. 214, 453 P.2d 384 (Ct.App.1969). This theory of presumptions, known as the "bursting bubble" theory, is not proper under the Rules of Evidence adopted by the New Mexico Supreme Court. According to the Commentary to Rule 301 of the Advisory Committee which prepared and submitted the proposed federal rule of evidence (which New Mexico adopted), the "bursting bubble" theory is inconsistent with Federal Rule of Evidence 301.

The so-called "bursting bubble theory, under which a presumption vanishes upon the introduction of evidence which would support a finding of the nonexistence of the presumed fact, even though not believed, is rejected as according presumptions too "slight and evanescent" an effect.

"The disappearance of the presumption upon the presentation of contrary evidence was eliminated, however, when the 1973 Rules of Evidence were adopted." *State Farm Mutual Automobile Insurance Co. v. Duran,* No. 3678, 93 N.M. 489, 601 P.2d 722 (Ct.App. 1979). The cases listed above, to the extent they are contrary to Evidence Rule 301, are no longer applicable.

Instruction 26 directs the jury that the presumption disappears if there is credible and substantial evidence to support its nonexistence. This is a proper formulation of the "bursting bubble" theory of pre-

sumptions. Since this theory is no longer applicable in New Mexico, the instruction is erroneous.

N.M.R.Evid. 301, N.M.S.A.1978 states:

In all cases not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.

The effect, then, of Evidence Rule 301 is to shift the burden of persuasion.

Presumptions governed by this rule are given the effect of placing upon the opposing party the burden of establishing the nonexistence of the presumed fact, once the party invoking the presumption establishes the basic facts giving rise to it.

Advisory Committee's Note to Federal Evidence Rule 301.

■ Although New Mexico Evidence Rule 301 is silent on whether the jury is to be instructed concerning presumptions, it is logical that the jury should be informed who has the burden of persuasion, as it is in other instances where presumptions are not involved. This is also the opinion of the draftsmen of the New Jersey Evidence Code, which contains a rule similar to our Rule 301 giving presumptions the effect of shifting the burden of persuasion. The New Jersey Committee suggests that "the instructions would be phrased entirely in terms of assuming facts and burden of proof." New Jersey Supreme Court Committee on Evidence 51 (1963), *quoted in* 1 Weinstein, Evidence, ¶ 301[02] 301–32 (1978).

■ The jury must also be informed of the presumption, if it is to give the presumption any effect. Insofar as evidence against a presumed fact must be weighed for its credibility, the jury must be informed of the presumption in order that it may be given effect if it rejects the evidence in question. Annot., 5 A.L.R.3d 19 at 45 (1966). However, to avoid unduly influencing the jury, the word "presumption" should be avoided.

[T]he specific instruction should avoid using the word "presumption" because of the danger that the jury will mistakenly attribute effects to this term other than those described by the judge and prescribed by Rule 301.

Weinstein, *supra,* 301–34.

This does not mean that a reversal is warranted because a court mentions the dreaded word "presumption." Weinstein, *supra,* at 301–28. The complaining party would still have to demonstrate prejudice by use of the word. However, because "presumption" is such a technical term, the better practice is to describe the presumption in terms of assumed facts and burden of proof.

■ In Civil cases the effect of a presumption that is not rebutted is disputed. The states are split on whether, once evidence establishing the presumption has been introduced, and in the absence of persuasive evidence to the contrary, the jury *must,* or *may,* find the presumed fact true. The view in New Mexico is that the jury must find the presumed fact true if evidence to the contrary has not been introduced. *Hartford Insurance Co., supra.*

■ Rule 301 does not change the requirement that the jury must find the presumed fact true, in certain circumstances. It merely changes the circumstances in which this finding must be made. Formerly, the jury was required to find the presumed fact true only when no credible and substantial evidence which would support a contrary finding was introduced. *Hartford, supra.* Under Evidence Rule 301, the jury is required to so find, only when the party against whom the presumption operates fails to persuade the jury that the nonexistence of the presumed fact is more probable than its existence.

■ The view that the jury should be required to find the presumed fact, if sufficient evidence to the contrary is not adduced, is implicit in the jury instructions suggested by the New Jersey Supreme Court Committee on Evidence.

Where the existence of the basic facts is to be determined by the jury, "the judge must instruct that if the jury finds the basic fact, they *must* also find the presumed fact unless persuaded by the evidence that its nonexistence is more probable than its existence" Morgan, supra at 42 . . . . (Emphasis added.)

*Quoted in* Weinstein, *supra* at 301–32. This view is also implicit in the instructions suggested by Weinstein and Prof. Morgan. *See generally,* Weinstein, *supra;* Morgan, Instructing the Jury upon Presumptions and Burden of Proof, 47 Harv.L.Rev. 59 (1933). There is no constitutional infirmity in requiring the jury, in civil cases, to find the presumed fact true if it has not been controverted by a showing that its nonexistence is more probable than its existence. *Dick v. New York Life Insurance Co.,* 359 U.S. 437, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959).

From this discussion, four considerations emerge. (1) The effect of a presumption, under Evidence Rule 301, is to place the burden of proof on the party against whom the presumption operates. The jury should be instructed where the burden of proof lies. (2) The failure of the party on whom the burden of proof has fallen to show that it is *more probable than not* that the presumed fact does *not* exist results in the presumption becoming effective. The jury is the body that weighs the evidence and decides if this party has met his burden. (3) The use of the word "presumption" is to be avoided as it is more likely to confuse than to aid the jury. (4) The jury must find the presumed fact true if, (a) the jury is persuaded of the existence of the basic fact from which the presumed fact is inferred, and (b) the party against whom the presumption operates has failed to show that the nonexistence of the presumed fact is more probable than its existence.

■ Instruction 25 does not properly instruct on presumptions under Evidence Rule 301. It fails to explain that the burden of proof is on Chavez to show that it is more probable than not that Montoya, the undisputed owner of the car, was not driving at the time of the accident; and it does not clearly inform the jury of the consequences of Chavez' failure to show this. Also, the jury was instructed that it *might* find the presumption to be true, whereas the law in civil cases in New Mexico is that the jury *must* find the presumption true if the party opposing the presumption has not met his burden of proof. Instructions 25 and 26 were erroneous. A better instruction for this case would have been:

Because the evidence is undisputed that Montoya was the owner of the car in which he was riding at the time of the accident, you must find that Montoya was the driver unless Montoya's estate has proved that it is more probable that he was not driving than that he was driving. The proof required of Montoya's estate in this instruction is in addition to the burden of proof placed on the parties in other instructions.

■ Chavez also contends that the trial court erred in admitting testimony concerning a statement made by an unknown bystander. This statement was offered to prove that Montoya was driving at the time of the accident. Chavez claims that the statement was hearsay and not admissible under any of the exceptions to the hearsay rule. She argues that the court, in admitting this testimony, committed reversible error. We agree.

Trujillo asserts that the testimony of the unknown bystander was not hearsay, and was properly admitted under Rule 804(b)(2) of the New Mexico Rules of Evidence, N.M. S.A.1978.

That rule reads:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

.    .    .    .    .

(2) *Statement of recent perception.* A statement, not in response to the instigation of a person engaged in investigating, litigating or settling a claim, which narrates, describes or explains an event or condition recently perceived by the declarant, made in good faith, not in contemplation of pending or anticipated liti-

gation in which he was interested, and while his recollection was clear.

The unknown bystander's testimony is admissible under this exception to the hearsay rule only if the declarant is unavailable. However, Section (a) of Evidence Rule 804 limits unavailability of a declarant to five specific situations. The only situation relevant to this appeal is defined as follows:

"Unavailability as a witness" includes situations in which the declarant:

. . . . .

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.

N.M.R.Evid. 804(a)(5), N.M.S.A.1978. Evidence Rule 804(a)(5) requires that the proponent of the unavailable witness' testimony attempt to procure the attendance of the witness before trial. Absent evidence of this attempt, the court does not consider the witness unavailable, and evidence of his testimony is inadmissible as hearsay. *Madrid v. Scholes*, 89 N.M. 15, 546 P.2d 863 (Ct. App.), *cert. denied*, 89 N.M. 206, 549 P.2d 284 (1976); *State v. Mann*, 87 N.M. 427, 535 P.2d 70 (Ct.App.1975). There is no evidence in the record before us that any attempt was made to locate the unidentified bystander. Consequently, his testimony was hearsay and should not have been admitted.

Since proper objection to the admission of this testimony was made at this trial before a jury, the inadmissible hearsay was reversible error. *Sayner v. Sholer*, 77 N.M. 579, 425 P.2d 743 (1967).

Based upon the foregoing, we reverse the judgment and order of the court denying Chavez' motion for a new trial, and we remand this cause for a new trial.

IT IS SO ORDERED.

HENDLEY, J., concurs.

WOOD, C. J., specially concurs.

WOOD, Chief Judge (specially concurring).

I concur in Judge Lopez's opinion. This special concurrence goes only to Evidence Rule 301 and its practical effect.

1. The Estate appealed, challenging the propriety of the presumption instructions. It relied on the New Mexico law prior to the adoption of Evidence Rule 301. Under that prior law, the instructions should not have been given because there was credible and substantial evidence which would have supported a finding that Montoya was not driving the car. With this evidence, the presumption disappeared. *Hartford Fire Insurance Company v. Horne*, 65 N.M. 440, 338 P.2d 1067 (1959). Evidence Rule 301, however, changed the law. Under Evidence Rule 301, the Estate had a burden of persuasion which it did not have prior to adoption of the evidence rule. The Estate is in no position to complain of the instructions given because those instructions imposed less of a burden on the Estate than should have been imposed pursuant to Evidence Rule 301. Significantly, Judge Lopez does not hold that the erroneous instructions amounted to reversible error.

2. Judge Lopez's opinion points out that the fact finder, in this case the jury, must decide whether the party against whom the presumption is directed has proved that the nonexistence of the presumed fact is more probable than its existence. Evidence Rule 301. This rule does not change the trial judge's function of deciding whether there is sufficient evidence for the jury to determine whether this burden has been met. The standard for determining whether the evidence is sufficient to raise a jury issue is the same standard used in determining whether a verdict should be directed. 1 Weinstein's Evidence (1978) ¶ 301[02], page 301-30. Thus, if there are conflicts in the evidence going to the probability of the nonexistence of the presumed fact, it is for the jury to determine whether the burden has been met. See *Hayes v. Reeves*, 91 N.M. 174, 571 P.2d 1177 (1977); *Skyhook Corp. v. Jasper*, 90 N.M. 143, 560 P.2d 934 (1977).

3. In this case the evidence that Montoya owned the car was uncontradicted. In a case where the evidence of ownership was conflicting, a factual determination of own-

ership would have to be made. Until it was determined as a fact that an occupant of the car was the owner, the presumption would not be applicable. Where the evidence of ownership is conflicting, the jury must be instructed that the presumption (or assumed fact) does not exist until the basic fact of the presumption has been found to exist. Since such an instruction would go only to a part of the case, will the jury be confused in applying it?

4. In this case, the "burden" of Evidence Rule 301 does not add to the Estate's problems of persuasion because the Estate counterclaimed. Under the counterclaim, the Estate was required to prove that Trujillo was the driver. But what if there were no counterclaim and no affirmative defense which involved the question of who was the driver? The defense would have a burden of proof under Evidence Rule 301, and the jury instructions would have to distinguish between the burdens on plaintiff and defendant. No matter how carefully instructed, the allocation of different burdens has the potential for confusing the jury, particularly so when one of the burdens involves proof of the probability of a negative.

5. Another problem, settled in New Mexico concerning the presumption of validity of marriage, see *Panzer v. Panzer*, 87 N.M. 29, 528 P.2d 888 (1974), involves conflicting presumptions. If other conflicting presumptions should arise, and I suspect they will, see Wood, *The Community Property Law of New Mexico* (1954) § 27 and *Myers v. Kapnison*, 93 N.M. 215, 598 P.2d 1175 (Ct.App.1978) how are they to be handled under Evidence Rule 301? Weinstein, supra, ¶ 301[03] suggests the question is an open one.

6. Evidence Rule 301 was not discussed in *Archibeque v. Homrich*, 88 N.M. 527, 543 P.2d 820 (1975). Compare opinion of Judge Hernandez in the same case, 87 N.M. 265, 531 P.2d 1238 (Ct.App.1975). The facts of *Archibeque* suggest a case for application of the presumption involved in this case; however, res ipsa loquitur was involved. Gausewitz, *Presumptions in a One-Rule World,* 5 Vand.L.Rev. 324 at 333 (1952) states:

"Since a presumption is by definition mandatory, a verdict must be directed that the presumed fact exists if the presumption is not rebutted. One instance of a departure may be the case of *res ipsa loquitur.*" Is the res ipsa doctrine an exception to Evidence Rule 301? The rule does not state any exceptions.

7. New Mexico appellate decisions have recognized the change effected by the adoption of Evidence Rule 301. *Panzer v. Panzer,* supra; *State Farm Mutual Automobile Ins. Co. v. Duran,* 93 N.M. 489, 601 P.2d 722 (Ct.App.1979). However, compare *Garmond v. Kinney,* 91 N.M. 646, 579 P.2d 178 (1978). Although a burden of persuasion approach is the "rule" in New Mexico, alongside that rule is a decision giving evidentiary effect to the presumption of insanity. *State v. Wilson,* 85 N.M. 552, 514 P.2d 603 (1973). See *State v. Santillanes,* 91 N.M. 721, 580 P.2d 489 (Ct.App.1978) where this special evidentiary effect was recognized, but where the presumption rule for criminal cases, Evidence Rule 303, was not discussed. Compare *Trefzer v. Stiles,* 56 N.M. 296, 243 P.2d 605 (1952) with *Hartford Fire Insurance Company v. Horne,* supra. Weinstein, supra, page 301–5 indicates that giving a presumption an evidentiary effect is "obvious nonsense." My point in this paragraph, simply, is that Evidence Rule 301 may not be "*the* rule"· where the presumption of insanity is involved.

8. Eminent writers have supported the burden of persuasion approach adopted in Evidence Rule 301. I, of course, must apply that rule. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). Paragraphs 3 through 7 raise, for me, the question of whether the logic of the various writers, see Weinstein, supra, pages 300–1 to 301–17, has led to the adoption of a rule which causes more problems than it solves, which has the potential of causing the most careful trial judge to err in the instructions given, and which has the potential to confuse a jury. New Mexico adopted, as its rule, the wording proposed by the drafting committee. Both Houses of Congress rejected the same language. See Weinstein,

supra, pages 301–1 to 301–13. The evidence rule enacted by Congress follows the bursting bubble approach; that is, the approach used in New Mexico prior to the adoption of Evidence Rule 301, Rule 301, 28 U.S.C.A. (1975) page 66.

9. Evidence Rule 301 may have been improvidently adopted; at least, it should be reconsidered. Compare *State v. Howell*, 93 N.M. 64, 596 P.2d 277 (Ct.App.1979).