640 P.2d 482

**Roy M. GILMAN and Ethel F. Gilman, husband and wife, Plaintiffs-Appellants,**

v.

**H. J. McCRARY and Ruth McCrary, husband and wife, Defendants-Appellees.**

No. 13522.

Supreme Court of New Mexico.

Feb. 9, 1982.

Robert Brack, Clovis, for plaintiffs-appellants.

Rowley, Hammond & Richards, Richard F. Rowley II, Clovis, for defendants-appellees.

## OPINION

PAYNE, Justice.

The plaintiff, Gilman, and the defendant, McCrary, neighboring landowners, have had an ongoing boundary dispute. Gilman brought suit seeking a declaratory judgment that the north-south boundary between the properties should be located at a point west of an existing road. McCrary contends that the boundary is east of the road. Alternatively, Gilman sought a declaration of a prescriptive easement in the road which he had used for twenty-five years. The district court granted summary judgment for McCrary on all counts, and Gilman appeals.

■ We held in an earlier case, *Gilman v. Powers*, 83 N.M. 80, 488 P.2d 337 (1971), that the boundary between these parcels was the existing fence or vestiges thereof.[1] A subsequent suit over the northern east-west boundary culminated in 1976 with a court-ordered survey. The trial court in the present case found that the 1976 survey established the boundary, pursuant to our direction in *Gilman v. Powers*, to be the

eastern point as contended by McCrary. The court also found that this boundary was substantiated by its own court-ordered survey done in 1981.

Nonetheless, Gilman argues that a genuine issue of material fact remains because of an alleged oral agreement between he and McCrary that a fence wholly located on Gilman's northern property was to be extended southward to form the boundary between the parties' land to the south. Gilman also alleges that McCrary had previously acknowledged the boundary determined by the court in *Gilman v. Powers*, as being within Gilman's property, and that this precludes the boundary determination made by the court in the present case. These allegations, Gilman claims, create a factual issue which only a trier of fact could resolve, and therefore summary judgment was inappropriate.

We do not agree. The trial judge has considered the evidence, including the surveys, and has concluded that no factual issue exists as to the determination of the boundary under *Gilman v. Powers, supra*. Nothing in that case intimates that the parties could agree separately to the boundary. The boundary was to be determined by existing fences or vestiges thereof; the court below made its determination pursuant to that standard, and we will not disturb that ruling.

On Gilman's claim for a prescriptive easement, however, we reverse and remand for further consideration by the trial court.

The district court apparently concluded that Gilman's claim of a prescriptive easement was barred by res judicata. However, there is no evidence in the record to support this conclusion. McCrary instead asks us to conclude that the court's conclusion was correct on other grounds, namely, that Gilman's evidence is insufficient to support a finding of a prescriptive easement and therefore summary judgment was proper.

---

1. Gilman and McCrary were plaintiffs in this case and sought to establish the same boundary line in dispute here. We held that the evidence supported the trial court's decision that the boundary lines had been resolved by the acquiescence of the parties in existing fence lines or vestiges of fence lines.

We have previously set forth the elements which must be satisfied to support a claim for a prescriptive easement.

> In order for the court to grant an easement in favor of the plaintiffs, the plaintiffs must show by clear and convincing evidence that they used the roadway in question openly, uninterruptedly, peaceably, notoriously, adversely and under a claim of right for a period of ten years and that they did so with the knowledge of the owner. [Citation omitted.]

*Garmond v. Kinney*, 91 N.M. 646, 579 P.2d 178 (1978).

Applying this test to the facts presented shows that the only element which the judge could have concluded was not met as a matter of law was the last one. This requires us to decide whether a prescriptive easement may be obtained when the true owner does not know for sure whether he owns the servient land.

McCrary cites *Heaton v. Miller*, 74 N.M. 148, 391 P.2d 653 (1964) for the proposition that ownership and prescriptive easement cannot be alternatively plead. We think *Heaton* is inappropriate, because it involved an improper attempt to acquire a corporeal hereditament by prescriptive easement. No other cases on point are cited and our own research has revealed none.

■ McCrary uses the *Heaton* case as authority for his argument that he could not have acquiesced to Gilman's use of the road until after 1971 when *Gilman v. Powers, supra,* established the boundary line between the parties. Since the boundary line was in dispute, McCrary argues that there could be no acquiescence until the dispute was settled. Since the dispute was not settled until 1971, Gilman could not have used the road for the requisite ten-year period to establish a prescriptive easement. This argument is without merit since McCrary claimed ownership of the land prior to the *Gilman v. Powers* suit. He cannot claim to be the rightful owner of a parcel of land and obtain a judgment vindicating that claim, then later assert that he was not the owner of that same parcel for all the years that Gilman used the road.

■ Finally, we note that McCrary claims his use of the road for forty years precludes Gilman's claim of prescription, since the use by the claimant must be exclusive. The rationale for the exclusive user rule is that "[i]f the claimant is only one of two, or several, or many, who make the user in question, it is perhaps inferrable that all of these uses are permissive." 3 R. Powell, The Law of Real Property § 413 at 34–118 (1981) (footnote omitted). There is a split of authority as to whether a use made by the claimant and by the landowner in common is presumptively permissive. *Id.* at n. 24.

The following statement by the Supreme Court of Wyoming fairly represents our view.

> Although several of the cases continue to mention exclusive use as an essential element to the acquisition of an easement by prescription, most agree that the term is not to be given the meaning which is given to it in the acquisition of title by adverse possession. It simply means that exercise of the right shall not be dependent upon a similar right in others. The use may be shared with the owner of the servient estate . . . . [Citations omitted.]

*White v. Wheatland Irrigation District,* 413 P.2d 252, 260 (Wyo.1966). *Accord, Shuggars v. Brake,* 248 Md. 38, 234 A.2d 752 (1967); *Cope v. Cope,* 158 Mont. 388, 493 P.2d 336 (1971).

We remand for further proceedings to permit a factual determination as to whether Gilman has satisfied the requirements for a prescriptive easement.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.