500 P.2d 1001

**Mazario ZAMORA, Plaintiff-Appellant,**

**v.**

**Vincent FOSTER and Kerr-McGee Corporation, Defendants-Appellees.**

**No. 873.**

Court of Appeals of New Mexico.

Aug. 18, 1972.

Ranne B. Miller, Keleher & McLeod, Albuquerque, for plaintiff-appellant.

Irving E. Moore, Toulouse & Moore, Albuquerque, for defendant-appellee Kerr-McGee Corp.

## OPINION

HENDLEY, Judge.

Plaintiff filed suit for personal injuries against defendant Foster and subsequently by a First Amended Complaint against defendant Kerr-McGee Corporation. Thereafter, Kerr-McGee filed a motion for summary judgment based on a deposition, and interrogatories. The Court granted Kerr-McGee's motion for summary judgment.

We affirm.

■ " '* * * [T]he party opposing the motion [for summary judgment] is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. If there are such reasonable doubts, summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment.' " Goodman v. Brock (Sup.Ct.), 498 P.2d 676, decided June 16, 1972. Defendant has the burden of showing an absence of a genuine issue of fact or that it is entitled to summary judgment as a matter of law for some other reason. Goodman v. Brock, supra.

Viewing the record by resolving all reasonable doubts in favor of plaintiff the record discloses the following.

Foster was employed as a miner by Kerr-McGee. He worked at a mine which was about 25 miles from his home. No public or company transportation was available to him. Foster either had to drive his own automobile or ride with a fellow employee. Only select management employees were provided transportation by Kerr-McGee. Foster did not receive a travel allowance and was not paid wages while traveling to and from work.

On the date of the accident, Foster was driving his own automobile with two fellow employees as passengers. A collision occurred between plaintiff's and defendant Foster's automobiles. Foster was returning to his home in Grants and after the collision was cited for and paid a fine without entering a formal plea to "passing without enough clearance." Defendant Foster was driving on a road which was the only route to his home. One of Foster's duties for Kerr-McGee was to be at the mine at the time required by Kerr-McGee. The accident occurred 1½ to 2 miles from where Foster worked, but occurred after he got off work.

Kerr-McGee showed highway safety films to its employees "to make employees conscious of highway safety. To permit them to be available for work as often as possible."

■ Plaintiff asserts that under the foregoing facts, " * * * Foster could be found to be acting as an employee of Kerr-McGee when the accident occurred. * * *" We disagree.

Plaintiff relies on Bolt v. Davis, 70 N. M. 449, 374 P.2d 648 (1962) for the proposition that if the employer authorizes the use of the vehicle, expressly or impliedly, there is a fact issue regarding the employer's liability. Plaintiff asserts that:

"In the present case the use of Foster's automobile was not just reasonably necessary to the efficiency of Kerr-McGee's mining operation. It was a condition of employment. One of Foster's duties under the labor contract was to transport himself to and from the mine. Kerr-McGee expected him to fulfill this obligation and did not provide transportation. No public transportation was available. Kerr-McGee impliedly and perhaps expressly authorized the use of Foster's automobile. Under the rule in *Bolt v. Davis*, supra, such authorization is sufficient to create a factual question concerning Kerr-McGee's liability."

■ Plaintiff misconceives the meaning of "condition of employment." It is well settled in New Mexico that employers are not responsible for an employee's negligence in operating a motor vehicle enroute to or from work absent additional circumstances evidencing control by the employer at the time of the negligent act by the employee. Nabors v. Harwood Homes, Inc., 77 N.M. 406, 423 P.2d 602 (1967).

In the present case we fail to see *any* additional circumstances evidencing control by Kerr-McGee. Kerr-McGee neither paid for nor provided transportation. Foster's work shift was finished—he was on his way home when the accident occurred. Foster was on his own and beyond the control of Kerr-McGee. Kerr-McGee neither expressly nor impliedly, authorized the use of the Foster automobile. The use of the automobile was not a condition of Foster's employment. See Bolt v. Davis, supra.

Plaintiff's contention that transportation to and from work is reasonably necessary to the efficiency of Kerr-McGee's operation is without merit. N.M.U.J.I. 4.7 states the applicable rule on the issue as to scope or course of employment:

"* * * An act of a servant is within the scope or course of employment if:

"1. It was something fairly and naturally incident to the master's business assigned to the servant, and

"2. It was done while the servant was engaged upon the master's business with the view of furthering the master's interest and did not arise entirely from some external, independent and personal motive on the part of the servant."

The death of plaintiff has been suggested. In addition the attorneys for plaintiff have moved to substitute the personal representative of Zamora's estate as the party plaintiff. Section 21–2–1(8), paragraphs 6 and 7, N.M.S.A.1953 (Repl.Vol. 4). Since the appeal in this case is directed against Kerr-McGee, and the action against Foster is pending in the district court, see § 21–1–1(54)(b), N.M.S.A.1953 (Repl.Vol. 4), we affirm the summary judgment in favor of Kerr-McGee, but remand to the district court for further proceedings consistent with the suggestion of death.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.