564 P.2d 997

**Elsie FERNANDEZ, Plaintiff-Appellant,**

v.

**LLOYD McKEE MOTORS, INC., a New Mexico Corporation, and Ernest H. Bisaillon, Defendants-Appellees.**

**No. 2719.**

Court of Appeals of New Mexico.

May 3, 1977.

Leonard J. DeLayo, Jr., Toulouse, Krehbiel & DeLayo, P. A., Albuquerque, for plaintiff-appellant.

J. E. Casados, Gallagher, Casados & Patten, Albuquerque, for defendants-appellees.

OPINION

SUTIN, Judge.

The issue to determine is whether Ernest H. Bisaillon (Ernest) was acting within the scope and authority of his employment at the time of an accident in which plaintiff was injured. Summary judgment was granted Lloyd McKee Motors, Inc. (Lloyd McKee) and plaintiff appeals. We affirm.

On a Saturday, the day of the accident, Ernest was out trying to make sales for Lloyd McKee. He travelled in a Lloyd McKee van to Mountainair, Socorro, Truth or Consequences, and then he intended to head on back home. However, he stopped in Socorro at a bar to have a sandwich and a few drinks. He remained for two or three hours and had six or seven drinks of Vodka, water and lime twist. It was pretty late when he left Socorro, hours after he ate the sandwich. He went from Socorro directly to his residence in Albuquerque to get some money for a meal. Then he got back into the van, began driving to a place to eat, and had no customers to call on. He

travelled west on Central Avenue and the accident occurred. Thereafter Ernest pled guilty to driving while intoxicated. Prior to the date of the accident, Ernest never used the van for personal reasons. He used it only for trying to make sales or deliver parts. He had no authority to use the van for personal reasons and no authority to drive the van after he had been drinking alcoholic beverages.

Plaintiff relies on facts unrelated to the master-servant relationship at the time of the accident, such as Ernest, (1) had a general area to cover, (2) made trips on Saturdays, (3) had full use of the vehicle, (4) had been trying to make sales, (5) stopped for a meal, (6) his supervisor knew he was trying to pick up customers, (7) he had no fixed hours of work, (8) he had forgotten to get a receipt for reimbursement, and (9) he was reimbursed weekly for gas. From these facts, plaintiff seeks to create a cobweb that ends in "acting within the scope and authority of employment and with the consent of the employer."

Alfred the Great, King of Wessex, successfully resisted the Danish invaders after watching the spider weave its cobweb to an end. Plaintiff's evidence falls short of the finished cobweb to successfully seek relief in this case. Ernest had no authority to drive the van to and from meals in a state of intoxication. His deviation aimed at reaching some specific personal objective. He was not using the van with knowledge and consent of the master, and it was not used within the scope of employment to facilitate the master's business. *Morris v. Cartwright,* 57 N.M. 328, 258 P.2d 719 (1953); *Miller v. Hoefgen,* 51 N.M. 319, 183 P.2d 850 (1947).

Appeals of this nature should be avoided.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.