686 P.2d 978

**William BENHAM, et al.,
Plaintiffs-Appellants,**

v.

**ALL SEASONS CHILD CARE, INC., et al., Defendants-Appellees.**

**No. 7608.**

Court of Appeals of New Mexico.

July 17, 1984.

Certiorari Denied Aug. 28, 1984.

Mark C. Dow, Annette N. DeBois, Paskind, Lynch, Dow & Printz, P.A., Albuquerque, for plaintiffs-appellants.

Katherine E. Tourek, Gordon J. McCulloch, Bradley & McCulloch, P.A., Albuquerque, for defendant-appellee All Seasons Child Care, Inc.

## OPINION

WOOD, Judge.

A van driven by Pauline Brito collided with a motorcycle driven by William Benham. Plaintiffs sued Brito, and her employer, All Seasons Child Care, Inc. (All Seasons). The employer was granted summary judgment on the basis "that there is no genuine issue as to whether Pauline Brito was in the course and scope of her employment at the time of the accident * * *." Plaintiffs appealed.

After the notice of appeal was filed, the Benham plaintiffs executed a release in favor of certain persons and entities; however, the release did not name Brito. The Benham plaintiffs also executed a covenant not to sue Brito. All Seasons moved to dismiss the appeal, contending that the propriety of the summary judgment was moot. The motion asserts that the effect of the release and the covenant was to release or exonerate Brito, the employee, from liability and, thus, All Seasons could not be liable under the doctrine of respondeat superior. *See Downer v. Southern Union Gas Co.,* 53 N.M. 354, 208 P.2d 815 (1949). We do not decide the motion to dismiss because the summary judgment was properly granted. We discuss: (1) whether there was a factual issue as to scope of employment; and (2) the presumption that Brito was within the scope of employment.

## Factual Issue as to Scope of Employment

Brito worked for All Seasons as a child care attendant and also did maintenance work. The maintenance work included painting. There were times when Brito had to get some painting done before the following day; those were the times she would return to work in the evenings, using the employer's van to go home and then return to work.

The accident happened on October 20, 1982. Brito worked with a group of children from 7:30 a.m. to about 2:00 p.m. Thereafter she started painting. "I hadn't finished by evening, so I went home to eat supper and get ready for church. And since I had to go back in the evening, I just took the van with me, and I went to pick up my friends."

According to Brito, she got off work about 6:00 p.m. and was off work when she took the van. She had permission to take the van. Brito had gone home, then went to pick up some friends. Brito and her friends were going to go to church. Her friends were not at home. Brito "was heading back towards the church." She was not on the way back to one of the All Seasons' facilities when the accident happened.

There is no contradiction, in the record, that Brito was on the way to church when the accident happened. Plaintiffs, nevertheless, assert there is a factual issue, requiring trial, as to the scope of employment. All Seasons operated at four locations. Plaintiffs state that Brito was required to travel between work locations. According to Brito, her work on the evening of the accident was at the location where she had worked that day. Plaintiffs assert that Brito was required to perform errands for her employer. There is nothing indicating Brito was performing an errand for her employer at the time of the accident. Plaintiffs state that Brito was directed to take the corporate vehicle. Brito's deposition testimony was that she used the van because, not having had steady employment, she could not afford to drive her own car. Plaintiffs also state that

"Brito was furthering the purposes of her employment." There is nothing indicating that driving to church was for the purposes of her employment. Plaintiffs contend that Brito was under All Seasons' control in driving the van to church; there is nothing raising a factual issue as to control.

NMSA 1978, UJI Civ. 4.7 (Repl.Pamp. 1980) states the test as to whether an employee is within the scope of employment. It reads:

An act of an employee is within the scope of employment if:

1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and

2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

*Zamora v. Foster*, 84 N.M. 177, 500 P.2d 1001 (Ct.App.1972), held that the above-quoted approved instruction stated the applicable rule. *Zamora* rejected the contention that an employee's transportation to and from work came within the rule because such transportation was reasonably necessary to the efficiency of the employer's operation. *Zamora* states: "It is well settled in New Mexico that employers are not responsible for an employee's negligence in operating a motor vehicle enroute [sic] to or from work absent additional circumstances evidencing control by the employer at the time of the negligent act by the employee." *Id.*, 84 N.M. at 178, 500 P.2d 1001 (citation omitted). In this case, at the time of her allegedly negligent act, Brito was going neither to nor from work, and there is nothing indicating that All Seasons exercised any control over Brito when she was driving the van en route to church.

Plaintiffs' complaint did not allege an independent act of negligence on the part of All Seasons; they sought damages from All Seasons on the basis of Brito's negligence, invoking the doctrine of respondeat superior. *Romero v. Shelton*, 70 N.M. 425, 374 P.2d 301 (1962), *overruled on other grounds, Archuleta v. Pina*, 86 N.M. 94, 519 P.2d 1175 (1974), points out that the doctrine applies only when the employer-employee relationship existed in respect to the very thing from which the injury arose. *Barela v. De Baca*, 68 N.M. 104, 359 P.2d 138 (1961), points out that to be within the scope of employment, the employee's act must be done within the space and time fixed by the employment and accompanied by an intention to perform service for the employer. The only showing here is that Brito was on a personal mission. *See Miller v. Hoefgen*, 51 N.M. 319, 183 P.2d 850 (1947); *see also Bryant v. Gilmer*, 97 N.M. 358, 639 P.2d 1212 (Ct.App.1982); *Chavez v. Ronquillo*, 94 N.M. 442, 612 P.2d 234 (Ct.App.1980); *Fernandez v. Lloyd McKee Motors, Inc.*, 90 N.M. 433, 564 P.2d 997 (Ct.App.1977).

**The Presumption**

■ There was no factual issue as to scope of employment at the time of the accident. Plaintiffs contend that a presumption operated in an evidentiary sense and the operation of the presumption made summary judgment improper.

The presumption and its operation was stated in *Morris v. Cartwright*, 57 N.M. 328, 332–333, 258 P.2d 719 (1953):

[P]roof or admission of ownership creates a presumption that the driver of a vehicle causing damages is the servant of the owner and using the vehicle in the master's business[,] and this presumption is sufficient in the absence of evidence to the contrary to support a verdict. But it is only a presumption of law and not evidence. When contradictory evidence is introduced, the presumption disappears as though it had never existed.

Currently, the words "master" and "servant" are taboo; we substitute "employer" and "employee." NMSA 1978, UJI Civ. 4.0 (Repl.Pamp.1980).

*Morris* stated the "bursting bubble" theory for the operation of the presumption. Plaintiffs correctly point out that this theo-

ry, that the presumption disappears upon the presentation of contrary evidence, was eliminated when the supreme court adopted a contrary rule in 1973. *Trujillo v. Chavez*, 93 N.M. 626, 603 P.2d 736 (Ct.App. 1979); *see also State Farm Mutual Automobile Insurance Co. v. Duran*, 93 N.M. 489, 601 P.2d 722 (Ct.App.1979).

The rule as to presumptions, adopted in 1973, was NMSA 1978, Evid.Rule 301 (Orig.Pamp.). That rule is quoted and discussed in *Matter of Estate of Padilla*, 97 N.M. 508, 641 P.2d 539 (Ct.App.1982); *Trujillo v. Chavez;* and *State Farm Mutual Automobile Insurance Co. v. Duran.* As stated in *State Farm:*

> Rule 301 now provides that, generally, "a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Thus the inference may continue to operate in an evidentiary sense even after introduction of evidence tending to establish the contrary, and may sufficiently influence the trier of facts to conclude that the presumed fact does exist.

*Id.*, 93 N.M. at 492, 601 P.2d 722.

Plaintiffs contend "the presumption creates a factual issue regarding whether Brito was within the scope of employment at the time of the accident. * * * The presumption is evidence that Brito was within the scope. Thus there is a factual issue which must be resolved by the jury at trial."

The contention is incorrect for two reasons.

First, the "evidentiary effect" was to shift the burden of persuasion. *See Trujillo v. Chavez*, 93 N.M. at 630, 603 P.2d 736. The presumption was not evidence.

Second, plaintiffs' contentions are based on a rule that was amended in 1980 to eliminate the shift in the burden of persuasion. NMSA 1978, Evid.Rule 301 (Repl. Pamp.1983), as amended, applies to this case, and reads:

In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast.

Under the applicable rule, All Seasons had the burden of going forward with evidence to rebut the presumption. However, having moved for summary judgment, All Seasons had the greater burden of showing there was no genuine issue of fact concerning scope of employment. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). The uncontradicted showing is that Brito was not in the scope of employment. By this uncontradicted showing, All Seasons met its burden for summary judgment and also met its burden to rebut the presumption. *Cf. Thompson v. Barngrover*, 101 N.M. 216, 680 P.2d 356 (Ct.App.1984).

The summary judgment in favor of All Seasons is affirmed. Plaintiffs shall bear their appellate costs.

**IT IS SO ORDERED.**

BIVINS and MINZNER, JJ., concur.