The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **November 7, 2023**

**No. A-1-CA-39686**

**ESPERANZA CASTRO,**

     Plaintiff-Appellant,

v.

**JONES CONTRACTORS, INC.,**

     Defendant-Appellee,

and

**JOSEPH E. SMITH,**

     Defendant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Court Judge**

Fadduol, Cluff, Hardy & Conaway, P.C.
Carlos E. Sedillo
Carmela D. Starace
Albuquerque, NM

for Appellant

Guebert Gentile & Piazza, P.C.
Robert F. Gentile
Elizabeth M. Piazza
Albuquerque, NM

for Appellee
George Bach
David J. Stout
Albuquerque, NM

for Amicus Curiae

## OPINION

**DUFFY, Judge.**

{1}     Defendant Jones Contractors, Inc.'s employee, Joseph Smith, caused a car accident while driving to work in his personal vehicle, injuring Plaintiff.[1] Plaintiff filed suit alleging that Defendant was directly and vicariously liable for Smith's negligence. The district court granted summary judgment in favor of Defendant on Plaintiff's claims for respondeat superior, negligence, negligence per se, and negligent entrustment. The primary issue on appeal concerns Plaintiff's vicarious liability claim under the doctrine of respondeat superior. Applying the three-part test set forth in *Lessard v. Coronado Paint & Decorating Center, Inc.*, 2007-NMCA-122, ¶ 14, 142 N.M. 583, 168 P.3d 155, the district court concluded as a matter of law that Smith was not acting within the scope of employment when the accident occurred, and thus, Defendant could not be held vicariously liable for Smith's negligence. We conclude that conflicting inferences can be drawn as to whether Smith was within the scope of employment under the *Lessard* test, and therefore, the issue of respondeat superior liability must be determined by the fact-finder. Perceiving no error in the district court's handling of Plaintiff's other claims, we affirm in part, reverse in part, and remand for further proceedings.

---

[1]All references in this opinion to "Defendant" are solely to Defendant Jones, as Defendant Smith is not a party to this appeal.

## BACKGROUND

{2}     Defendant is a fabrication company that builds tank farms and pipelines in oil fields. Smith worked for Defendant as a welder. Smith was paid an hourly wage of around $48 per hour and an additional $15 per hour for use of his pickup truck and welding equipment mounted in the bed of his truck—hereinafter referred to as his welding rig.

{3}     Defendant does not provide vehicles or welding equipment to its employees; rather, it relied on its employees to supply the same. In addition, Smith was required to use his own equipment for the job because, as he testified during his deposition, he was required to take a welding test and get certified for the job, and was thereafter required to use the machine he tested with. Smith would drive his welding rig to the job sites where he worked for Defendant.

{4}     Smith would often drive his assistant, Lee Stevicks, who also worked for Defendant, because they shared temporary housing in Carlsbad, New Mexico, about an hour away from the job site. On the morning of the accident, Smith and Stevicks left Carlsbad at around 4:00 a.m. to arrive at a job site in Texas by 7:00 a.m. They had to leave at that hour to account for the distance as well as the change in time zone.

{5}     At about 4:30 a.m., Smith attempted to pass a tractor trailer on a two-lane highway. Smith watched the car in front of him pass the tractor trailer first and

assumed he had enough time to pass as well, so he followed the leading car into the left lane. When the leading car passed the tractor trailer, Smith realized there was a vehicle coming toward him in the opposite direction. Smith did not have time to get around the tractor trailer, and both he and the oncoming vehicle veered off the road, where they collided head-on. Shortly thereafter, paramedics removed Plaintiff from the passenger side of the vehicle Smith had collided with.

{6}     Plaintiff sued Defendant, alleging Defendant was liable for the accident on theories of respondeat superior, negligence, negligence per se, negligent entrustment, and negligent hiring, training, and supervision. Defendant moved for summary judgment on all claims. For purposes of its motion, Defendant asserted the following facts as undisputed:[2]

1.     On April 30, 2018, Smith was employed by Defendant as a welder.

2.     Smith owned a 2015 Ford F350 pickup truck, on which was mounted his welding equipment.

3.     Smith was driving his personal vehicle, the Ford F350 at the time of the accident on April 30, 2018.

4.     Smith owned the truck and the welding equipment. It was not owned or provided to Smith by Defendant.

---

[2]The statement of material facts set forth in the opinion is taken from RP 124-26. However, the names of the parties have been modified for consistency with the usages in this opinion. The changes and omissions have not been noted for readability.

5. While employed with Defendant, Smith was paid an hourly wage for his work. He was also paid an hourly sum for the use of his welding equipment.

6. In addition, Smith received a daily per diem which he could use in any manner that he felt appropriate. He could elect to use the per diem for rental expenses, food or gas. Defendant did not have any control over how the per diem money was used.

7. Smith earned his hourly wages when he was on the job site and logged in as "present." He was not paid for travel time, or lunch breaks. He was required to log out for lunch, and log out for travel between job sites.

8. Smith was not "on the clock" and logged in as present at the work site when the accident occurred.

9. Smith was not being paid for travel time to and from the work site at the time of the accident.

10. Smith was not performing any work for [Defendant] at the time of the accident.

11. Defendant did not reimburse Smith for the damage to Smith's truck and welding equipment after the accident occurred.

12. Defendant did not authorize or ratify Smith's careless driving during the early morning hours of April 30, 2018.

13. Defendant did not loan a company vehicle to Smith to drive to and from work, or during work hours. Smith was required to provide his own transportation and welding equipment.

Based on these facts, Defendant argued that Smith was not acting within the scope of employment when the accident occurred, and therefore, Defendant was not vicariously liable for Smith's negligence. Defendant also argued that Plaintiff's claims for direct negligence fail because Smith was not driving a company vehicle

4

at the time of the accident, and Plaintiff could not show that Defendant had a duty to supervise Smith when he was not on the clock.

{7} In her response, Plaintiff disputed facts three through thirteen, offering the same general response to each, that "Smith was driving a personal vehicle *leased by* [Defendant], in furtherance of Defendant's business." (Emphasis added.) Plaintiff also presented additional statements of undisputed fact in support of her claim that Smith was acting within the scope of employment at the time of the accident. Plaintiff noted that Smith worked at multiple locations as part of his job with Defendant, that Defendant provided welding materials—welding rods—to Smith and Smith was carrying them on his truck when the accident occurred.

{8} Substantively, Plaintiff's response only addressed Defendant's argument regarding her vicarious liability theory. She argued the evidence showed Smith was acting within the scope of his employment under the *Lessard* test because: (1) Smith was required to travel to job sites and was on the way to the job site when the accident occurred; (2) Defendant paid Smith to provide his own truck and welding equipment to perform the work; and (3) Smith was furthering Defendant's business at the time of the accident by bringing his rig, materials, and crew to the job site. Plaintiff did not respond to Defendant's arguments regarding her negligence-based claims.

{9} After a hearing, the district court granted Defendant's motion in part. As to Plaintiff's claim for respondeat superior liability, the district court concluded as a

5

matter of law that Smith was not acting within the scope of his employment. The district court also granted summary judgment on Plaintiff's claims for negligence, negligence *per se*, and negligent entrustment, noting that the undisputed facts do not establish any evidence to support those claims and Plaintiff had not addressed them in her response. Even though Plaintiff had also failed to address her claim for negligent hiring, training, supervision, or retention, the district court determined that disputed issues of material fact existed that would need to be resolved by the jury, and denied Defendant's motion as to that claim. Afterward, Plaintiff stipulated to dismissal of her remaining claims without prejudice and appealed the district court's summary judgment ruling.

**DISCUSSION**

**I.      Standard of Review**

{10}    "Summary judgment is a drastic measure that should be used with great caution." *Lessard*, 2007-NMCA-122, ¶ 8 (internal quotation marks and citation omitted). "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241. We review a grant of summary judgment de novo, viewing the facts in a light most favorable to the nonmoving party and drawing all reasonable inferences in support of a trial on the merits. *Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 7, 140 N.M. 205, 141

P.3d 1259. "[W]hen no facts are in dispute and the undisputed facts lend themselves to only one conclusion, the issue may properly be decided as a matter of law." *Ovecka v. Burlington N. Santa Fe Ry.*, 2008-NMCA-140, ¶ 9, 145 N.M. 113, 194 P.3d 728. But "[e]ven where the basic facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied." *Ponce v. Butts*, 1986-NMCA-042, ¶ 20, 104 N.M. 280, 720 P.2d 315.

## II.  Respondeat Superior

{11}  Plaintiff argues the district court erred in deciding as a matter of law that Defendant was not vicariously liable for Smith's negligence. We agree with Plaintiff that the evidence in the record does not lend itself to only one conclusion on the matter, and therefore, the issue of whether Smith was acting within the scope of his employment at the time of the accident is a question of fact for the jury. *See Lessard*, 2007-NMCA-122, ¶ 11 ("Generally, whether an employee is acting in the course and scope of employment is a question of fact, unless only one reasonable conclusion can be drawn from the facts presented." (alteration, internal quotation marks, and citation omitted)).

{12}  "Under the doctrine of respondeat superior, an employer can be held vicariously liable for the negligent actions of an employee who is acting within the scope of his employment." *Id.* As a general rule, "an employee enroute to, or returning from, his place of employment, using his own vehicle is not within the

scope of his employment." *Nabors v. Harwood Homes, Inc.*, 1967-NMSC-024, ¶ 6, 77 N.M. 406, 423 P.2d 602. However, an employee can be said to be within the scope of employment while driving to and from work in a personal vehicle, such that an employer may be held vicariously labile for the employee's actions, when three circumstances exist: "(1) the employer must expressly or impliedly consent to the use of the vehicle; (2) the employer must have the right to control the employee in his operation of the vehicle, or the employee's use of the vehicle must be so important to the business of the employer that such control could be inferred; and (3) the employee must be engaged at the time in furthering the employer's business." *Lessard*, 2007-NMCA-122, ¶ 14.

{13}   In this case, the district court assumed without deciding that the first and second prongs of the *Lessard* test were satisfied, but that the third prong failed as a matter of law. We agree that a jury could reasonably infer both consent and control based on the undisputed facts of record. *See id.* ¶¶ 17-18. Like the district court, we focus our analysis on the third prong of the *Lessard* test—whether Smith was furthering Defendant's business at the time of accident.

{14}   Our uniform jury instructions describe furtherance as an act of an employee "done while the employee was engaged in the employer's business with the view of furthering the employer's interest and [that] did not arise entirely from some external, independent and personal motive on the part of the employee." UJI 13-407

8

NMRA (defining "scope of employment"); *see also* Restatement (Third) of Agency § 7.07(2) (2006) (stating that "[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer"). The UJI standard has been applied in a number of cases, but the furtherance prong does not appear to have been a dispositive factor in any scope-of-employment case until *Lessard*. *See, e.g.*, *Nabors*, 1967-NMSC-024, ¶ 5 (noting that an employee driving to a work site on a Sunday "had not arrived at the construction site and he was not furthering the employer's business at the time of the accident. Further, . . . at the time of the accident the [employee] was using the truck for his personal benefit and the pleasure of his family."); *Lang v. Cruz*, 1964-NMSC-205, ¶¶ 5, 21, 74 N.M. 473, 394 P.2d 988 (noting that an employee was attempting to further his employer's business when, during his shift, he borrowed a tractor that he was forbidden to drive in order to return home in search of hay hooks needed for work he was to perform later that evening); *Benham v. All Seasons Child Care, Inc.*, 1984-NMCA-080, ¶ 6, 101 N.M. 636, 686 P.2d 978 (concluding that when an employee was involved in an accident while driving her employer's van to church, "[t]here [was] nothing indicating that driving to church was for the purposes of her employment").

{15}   In *Lessard*, an employee of the defendant was on his way home from work when he was involved in a car accident with the plaintiff. 2007-NMCA-122, ¶ 3. In

evaluating whether the defendant-employer could be held vicariously liable, this Court noted the following undisputed facts. The employee was hired to repair tile installations at various job sites. *Id.* The defendant-employer did not provide transportation for the employee or for materials needed for the work. Instead, the employee would pick up the materials needed for a given job or jobs, and the employee regularly visited more than one job site in a day. *Id.* ¶¶ 6, 17. From these facts, this Court determined that a jury could reasonably infer that the defendant-employer both consented to and exercised control over the employee's use of his personal vehicle, satisfying the first and second prongs of the *Lessard* test. *Id.* ¶¶ 17-18.

{16}     Turning to the third prong, this Court concluded there was no evidence to support an inference that the employee's conduct at the time of the accident was in furtherance of the employer's business. *Id.* ¶ 19. This Court noted that the only relevant evidence presented regarding furtherance was the employee's testimony that he was just getting off work, going home on a direct route, and that the employer had provided the employee with a cell phone for communicating with the employer and scheduling appointments with the employer's customers. *Id.* ¶¶ 6, 19. The plaintiff offered no evidence that the employee "was on call or otherwise engaged in using the cell phone to further [the employer's] interest at the time of the accident." *Id.* ¶ 19. Applying the standard set forth in UJI 13-407, this Court

observed there was nothing to show that the employee, "at the time of the accident, was acting in any part to further [the employer]'s interests under these facts." *Lessard*, 2007-NMCA-122, ¶ 20. As well, because "the only evidence regarding the reasons for [the employee]'s actions at the time of the accident was his testimony that he was driving home," this Court concluded that his conduct "arose entirely from this 'external, independent and personal motive.'" *Id.* (quoting UJI 13-407(2)). This Court affirmed the district court's grant of summary judgment because the employee had not satisfied the third prong of the test. *Id.*

{17}     In this case, the district court concluded that the third prong failed as a matter of law because "the undisputed facts establish that at the time the accident occurred, . . . Smith was driving in a vehicle owned personally by him, was not on the clock, and had not logged in as present at the worksite, was not being paid by Jones for travel time to and from the worksite, and was not performing any work for Defendant[] Jones." On appeal, Plaintiff acknowledges that these facts could support a finding that Smith was not acting in furtherance of Defendant's business. Nevertheless, Plaintiff argues that summary judgment was improperly granted because additional facts in the evidentiary record support a finding that Smith was furthering Defendant's business at the time of the accident, and when evidence can support a reasonable inference proving either party's position, summary judgment must be denied. *Lovato v. Plateau, Inc.*, 1968-NMCA-060, ¶ 5, 79 N.M. 428, 444

11

P.2d 613 ("If the facts admitted or established by the evidence are equally consistent with two hypotheses, then these facts tend to prove neither."). Plaintiff points specifically to four core facts that, she contends, could support a finding that Smith was acting in furtherance of Defendant's business at the time of the accident: (1) Smith was on his way to a job site; (2) Smith was transporting his welding assistant, Stevicks, to the job site; (3) Defendant did not own any welding vehicles or welding equipment and paid Smith an additional $15 per hour for use of his welding rig[3]; and (4) Smith was carrying welding rods provided by Defendant.

{18}    Defendant claims that none of these facts are sufficient to create an issue of fact as to whether Smith was furthering Defendant's business. First, Defendant argues that merely commuting to work is not sufficient to demonstrate furtherance of an employer's business under the general rule expressed in *Zamora v. Foster*, 1972-NMCA-118, ¶ 10, 84 N.M. 177, 500 P.2d 1001, that "employers are not responsible for an employee's negligence in operating a motor vehicle enroute to or from work." Similarly, Defendant contends that driving Stevicks to work does not

---

[3]Defendant asserts that the $15 per hour payment was for the use of Smith's welding equipment, while Plaintiff characterizes the payment as for the "lease" of Smith's truck. The evidence attached to the parties' submissions—Smith's deposition testimony [RP 143 at 14:12-17, RP 144 at 18:25-19:7] and the affidavit of Heath Jones [RP 155 ¶ 2]—indicates that the payment was for both the truck *and* the welding equipment. We therefore reject both parties' characterizations of this evidence. We note as well that the outcome of this disagreement does not control the conclusion we reach today under the *Lessard* test.

demonstrate furtherance of Defendant's business because Defendant did not require Smith to carpool with Stevicks, and Smith testified that they drove together out of convenience. *Cf. id.* ¶¶ 6, 12 (noting that the employee was carpooling with several colleagues but declining to find vicarious liability). In light of our holding in *Zamora*, we agree with Defendant that neither commuting nor carpooling, without more, establishes that Smith was furthering Defendant's business at the time of the accident.

{19}     But here there is more, the evidence of which could allow a jury to reasonably conclude that Smith's travel furthered Defendant's business interest beyond that of placing Smith and Stevicks at the job site. Turning to the additional evidence Plaintiff relies on, Defendant acknowledges that Smith's welding equipment might be considered essential to its business for purposes of the second prong of the *Lessard* test, but argues that this is not relevant for purposes of evaluating furtherance under the third prong. We disagree with such a restrictive reading. The Restatement (Second) of Agency § 229 cmt. d (1958), recognizes that when an employer "contracts to supply a vehicle or . . . the supplying of a means of access to the work is one of the inducements to the employment," these facts may indicate that "the operation of the vehicle is part of the [employer]'s work." Likewise, "[i]f employees are required to use a particular vehicle and particularly if they are paid while in it, it would ordinarily be found that the driver of the vehicle is acting [within

the scope of employment].” Restatement (Second) of Agency § 229 cmt. d. Thus, if an employer requires the use of an employee's personal vehicle or equipment mounted thereon, the employee's use thereof may be considered part of the employer's work.

{20}   In this case, Smith was required to use a particular vehicle—his personal welding rig—while working for Defendant, for three reasons: Defendant did not supply welding equipment for its employees, Smith's certification required him to use the same equipment he tested with on the job site, and Smith's welding equipment was affixed to his vehicle. Smith was required to transport his rig to each job site where he worked for Defendant. In addition, Defendant paid Smith an additional $15 per hour for the use of his welding rig. Although Defendant did not begin paying Smith for the use of the rig until he clocked in at the job site, a jury could reasonably determine that Smith would not have been able to perform his assigned duties without bringing his truck and equipment along. From these facts, a jury could conclude that Smith's act of driving his welding rig to the job site was part of his work for Defendant and in furtherance of the same.

{21}   Plaintiff also submitted evidence that Smith was transporting welding materials provided by Defendant at the time of the accident. Defendant argues the fact that Smith had welding rods on his truck was not dispositive because Defendant also provided welding rods at the job sites. Regardless, the fact that some materials

14

were on Smith's truck at the time of the accident is evidence from which a jury could conclude that Smith was acting, at least in part, to further Defendant's business.

{22}     We briefly address the out-of-state authority Defendant relies upon to support its argument that Smith was outside the scope of employment under the circumstances here. Defendant first cites *Koerner v. Hankins*, 2012 WL 266463 (W.D. Pa. 2012) (memorandum decision), where, like this case, a welder was involved in a car accident in his welding rig while on the way to work, and the injured plaintiff sought to recover damages from the welder's employer. *Id.* at *1, 3. The United States District Court for the Western District of Pennsylvania granted summary judgment in favor of the employer, concluding that even though the employer might derive a benefit from the employee's transportation of the "truck and welding rig to and from the job site each day," the parties had a written contract that specified "such benefit was provided by [the employee] in his role as the *lessor* of the rig, and not in his role as an *employee*." *Id.* at *5. We perceive two points of distinction that lead us to conclude *Koerner* distinguishable based on the facts and law at issue. First, the *Koerner* court grounded its conclusion in the express terms of the parties' written agreement and did not provide any analysis that would assist us in evaluating whether the employee's transportation of the rig was otherwise "actuated, at least in part, by a purpose to serve the [employer]." *Id.* (internal quotation marks omitted); *see also Lessard*, 2007-NMCA-122, ¶ 25 (equating the

15

concept of furtherance with whether the employee's conduct "is actuated, at least in part, by a purpose to serve the [employer]" under the third prong of the Restatement (Second) of Agency § 228 test). More importantly, the *Koerner* court's rationale relied on a "benefit to the employer" analysis this Court had previously rejected in *Lessard*. *See* 2007-NMCA-122, ¶¶ 22-24 (holding that the benefit analysis applies in workers' compensation law, but observing that New Mexico has not expanded the benefit analysis to apply in tort law, which instead focuses on whether the employee was furthering the business of the employer). For these reasons, we cannot agree with the reasoning of the *Koerner* court and decline to apply it here.

{23}     Defendant also attempts to distinguish this case from *Hunter v. Modern Continental Construction Co.*, where, again, an employee was involved in a car accident on the way to work. 652 S.E.2d 583, 584 (Ga. Ct. App. 2007), *modified, Prodigies Child Care Mgmt., LLC v. Cotton*, ___ S.E.2d ___, 2023 WL 6611014 (Ga. 2023). The Georgia Court of Appeals concluded that the employer was not entitled to summary judgment on the plaintiff's vicarious liability claim because there was some evidence that the employee may have been on his cell phone conducting company business (or distracted by it) when the accident occurred. *Id.* at 583. According to the court, "[s]uch evidence raises a jury question as to whether [the employee] was acting within the scope of his employment." *Id.* at 584. Defendant argues that unlike *Hunter*, there is no jury question here because "Smith

16

was not on a cell phone at the time of the accident, nor engaged in work-related business." But, like *Hunter*, there is some evidence that might constitute furtherance in this case—the employee's transportation of necessary welding equipment and supplies to the job site. Defendant has not provided any persuasive authority indicating that those facts are insufficient to raise a jury question regarding of furtherance under the standard applied in New Mexico.

{24}     Ultimately, while the facts are largely undisputed, they lend themselves to two reasonable, but conflicting, inferences. The facts relied on by the district court could allow the jury to conclude that Smith was not acting in furtherance of Defendant's business at the time of the accident. At the same time, the fact that Smith was required to drive his personal welding rig to the job site and was carrying materials provided by his employer could allow a jury to determine that Smith was engaged in work at the time of the accident and operating his rig in furtherance of Defendant's business. Likewise, this evidence is enough to allow a jury to conclude that Smith was not acting entirely from some "'external, independent and personal motive.'" *Lessard*, 2007-NMCA-122, ¶ 20 (quoting UJI 13-407(2)). Because two logical inferences can be drawn from these facts, summary judgment was improperly granted. *See Lovato*, 1968-NMCA-060, ¶ 5; *see also Marquez v. Gomez*, 1991-NMCA-066, ¶ 15, 116 N.M. 626, 866 P.2d 354 ("Even if the basic material facts are undisputed, if equally logical, but conflicting, reasonable inferences can be drawn

17

from these facts, an award of summary judgment is improper."). On remand, whether Smith was acting in the scope of employment when the accident occurred is a question of fact for the jury.

### III.    Negligence, Negligence Per Se, and Negligent Entrustment

{25}    The district court also granted summary judgment in favor of Defendant on Plaintiff's negligence, negligence per se, and negligent entrustment claims, concluding that "[t]he undisputed material facts do not establish any evidence of general negligence or negligence *per se* on the part of Jones in relation to the accident, or of negligent entrustment. Indeed, [Plaintiff] has not even argued these points in her response [to Defendant's motion for summary judgment]."

{26}    On appeal, Plaintiff argues that she presented evidence of disputed material facts regarding her direct negligence claims. In a single paragraph, Plaintiff points to a handful of facts drawn from attachments to Defendant's summary judgment motion and Plaintiff's response. While Plaintiff asserts these facts demonstrate that she met her burden to oppose summary judgment, she does not go any further in her analysis. In particular, Plaintiff has not provided any argument or analysis of how these facts are material in the context of the causes of action at issue, nor does she attempt to demonstrate how they create a dispute of fact. Thus, to rule on the merits, we would have to speculate about why the evidence Plaintiff points to presents a jury question on each of three causes of action. It is not our role to develop Plaintiff's

arguments for her, nor will we guess at what her arguments are. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them."). Because we have no duty to review an argument that is inadequately developed, we decline to further consider Plaintiff's argument that the district court erred in granting summary judgment on her direct negligence claims. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

**CONCLUSION**

{27}     We affirm the district court's grant of summary judgment on Plaintiff's claims for negligence, negligence per se, and negligent entrustment. On Plaintiff's respondeat superior claim, we conclude that whether Smith was acting in the scope of employment when the accident occurred is a question of fact that must be resolved by a jury. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

{28}     **IT IS SO ORDERED.**

_____
                                        **MEGAN P. DUFFY, Judge**

19

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**SHAMMARA H. HENDERSON, Judge**

20